HAY & FORAGE INDUSTRIES,
Plaintiff and Counterdefendant,

v.

FORD NEW HOLLAND, INC., Defendant and Counterplaintiff,

v.

HESSTON VENTURES CORPORATION, Case Ventures Corporation, Hesston Corporation, and J.I. Case Company, Counterdefendants.

Civ. A. No. 88–2197–0.

United States District Court,
D. Kansas.

July 16, 1990.

John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Warren N. Williams, Thomas E. Nutter, Stephen D. Timmons, Hovey, Williams, Timmons & Collings, John C. Monica, Joe Rebein, Shook, Hardy & Bacon, Kansas City, Mo., for plaintiff and counterdefendant.

Frank J. Daily, Michael L. Zaleski, Thomas W. Ehrmann, John D. Franzini, Quarles & Brady, Madison, Wis., Don M. Bradley, Kokjer, Kircher, Bradley, Wharton, Bowman and Johnson, Kansas City, Mo., for defendant and counterplaintiff.

Clem Budny, Racine, Wis., for J.I. Case Co. and Case Ventures.

Stan Martindell, Carol Stream, Ill., for Hesston Ventures Corp. and Hesston Corp.

## MEMORANDUM AND ORDER

GERALD L. RUSHFELT, United States Magistrate.

Under consideration are four motions:

1. Plaintiff's Motion to Quash Deposition Subpoenas of Stephen D. Timmons and Victor E. Lowe Under Rule 26(c) (doc. 166).

2. Plaintiff's Motion Under Rules 30 and 37(a) For an Order Compelling Discovery (doc. 171).

3. Hesston's Motion to Compel Answers to Hesston's First Interrogatories and Production of Documents Requested by Hesston's First Document Request (doc. 175).

4. Counterplaintiff's Motion Pursuant to Rules 37(a) and 36(a), F.R.Civ.P. to Compel Counterdefendants to Answer Interrogatories and to Unambiguously Respond to Requests to Admit (doc. 194).

■ *Plaintiff's motion to quash seeks an* order to relieve it from the obligation of producing for depositions Stephen Timmons, one of its attorneys, and Victor Lowe, a patent draftsman employed by Timmons' law firm. As a preliminary matter, the court notes plaintiff failed to comply with D.Kan.Rule 210(j). The rule requires counsel for the moving party to certify that reasonable efforts were made to confer regarding the matter in dispute prior to filing the motion. The court waives compliance with this local rule in these circumstances. The parties obviously conferred regarding the matter and are unable to resolve this dispute without judicial intervention.

■ While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters. *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429 (E.D.Pa.1981). Because of the potential for abuse in deposing an opponent's attorney, courts have required the party seeking the deposition to demonstrate its propriety and need. See *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D.N.C.1987). The movant should demonstrate that the deposition is the only reasonably practical means available for obtaining the information. If there are other available sources, the party seeking the discovery should explore them first. He should consider other methods, such as written interrogatories, requests for production or requests for admissions.

■ The court will ordinarily decline a motion for protective order or to quash a subpoena, based on the contention that the information sought is protected by the attorney-client privilege or work product doctrine. Instead the court requires the deponent to appear for the deposition and there raise any such objections. Counsel then has an opportunity to explore background facts concerning the privilege, and the deponent can substantiate any objections. Thus the court finds plaintiff's assertion of attorney-client privilege and work product premature and insufficient to quash the subpoena.

Similarly the court declines to determine at this time whether plaintiff waived the attorney-client privilege by virtue of the alleged participation by Timmons in the alleged fraud. Any such determination would more appropriately follow the deposition, when the record is developed.

Plaintiff claims defendant has failed to establish need for the deposition or that the information cannot be obtained from other sources. The deposition notice seeks testimony regarding the following subjects:

1. Photographs Timmons took, relating to the development of the Hesston big square baler.

2. Personal meetings Timmons conducted with the examiners for plaintiff's patents in suit.

3. Certain invention disclosures regarding the big square baler which Timmons witnessed.

4. The facts known to Mr. Timmons regarding the development, construction and operation of the Hesston big square baler.

5. Certain documents which have been produced and bear Mr. Timmons' name.

6. Other areas which may develop at the deposition related to these topics.

The deposition of Lowe concerns the same subject matter with the exception of

documents bearing the name of Timmons and his meetings with patent examiners.

■ The court finds defendant has shown sufficient need for the depositions. Timmons appears to be the best and perhaps the only available source for much of the information sought. For example, the photographs bearing his initials would help determine whether plaintiff had accomplished a patentable "breakthrough." The photographs dated 5–8–75 and 5–9–75 allegedly depict dramatic changes in the prototype of the Hesston Big Square Baler. The photographs also reveal a "sensor" was added to the prototype. The reason for adding this sensor is an issue in this suit. Defendant states other witnesses disclaimed knowledge of the photographs. Even if other witnesses possessed knowledge of them, Timmons appears to have led and pursued the prosecutions and re-examinations of plaintiff's patent in suit before the patent office. Defendant alleges his submissions to the patent office contain false and misleading representations regarding the necessity of a sensor on the prototype. See defendant's amended answer, paragraphs 70 and 71. His meetings with the patent examiner are relevant to the defense of inequitable conduct.

Plaintiff asserts the court's order of November 13, 1989 and the order of the patent office establish the deposition is unnecessary. The court granted plaintiff's motion for partial summary judgement in holding the best mode of the '643 and '164 patents in suit was disclosed in the patents. Yet the ruling does not necessarily dispose of the defense of inequitable conduct. Plaintiff asserts the deposition could not inquire into the defense of inequitable conduct because such information is protected by the attorney-client privilege and work-product doctrine. As discussed *supra*, plaintiff may assert any objections of privilege and work product at the deposition.

Plaintiff also argues the information is available through the deposition of Allen White, as the inventor of the Hesston big square baler and the best and most knowledgeable source. Plaintiff has not persuaded the court, however, that Mr. White or any other witness is a better source than Timmons for information regarding his own meetings with persons at the patent office or the photographs he took. The allegations of inequitable conduct, moreover, concern alleged misrepresentations made by Timmons to the patent office. Plaintiff has not shown that White would be a better source than the person with first-hand knowledge about the alleged inequitable conduct in prosecuting the patent application.

Plaintiff also asserts the sole purpose for the deposition is to disqualify Timmons. Its argument is unpersuasive. The allegations in the defendant's counterclaim are sufficient to inform Timmons that he may be a witness in this litigation. Paragraph 39 alleges the patent of plaintiff is invalid by reason of misrepresentations made to the patent office by its attorneys. Paragraphs 51, 52, 53, 61, 63, 66, 69, 70, 72, 73, all allege Timmons made misrepresentations to the patent office. The court does not find that the motivation for deposing Timmons is simply to force him to withdraw. Plaintiff has failed to show grounds to quash the subpoena served on Timmons.

Nor has plaintiff persuaded the court that the subpoena served on Lowe should be quashed. The discussion set forth above has equal application to Lowe. Plaintiff advanced no argument for quashing the subpoena for Lowe that was not suggested in opposing the deposition of Timmons. Photos of the prototype with the sensor installed bear Lowe's initials. Deposition Exhibits 67 through 79 are all photographs of the prototype taken in 1975 and also bear Lowe's initials. Lowe may have first-hand knowledge of whether the prototype accomplished a patentable breakthrough. Plaintiff has failed to show grounds to quash the subpoena served on Lowe.

■ Although defendant may not have exhausted all opportunities to obtain the information through other forms of discovery, the court believes this is unnecessary, given the specific information sought to be elicited. Defendant is attempting to obtain explanations regarding photographs,

documents and meetings. The information sought is broad and unspecific. It would be difficult to thoroughly cover such subjects through interrogatories or written deposition questions. Written deposition questions are not an adequate substitute for depositions upon oral examination, at least in these circumstances.

For the reasons stated above the court denies plaintiff's Motion to Quash Subpoenas of Stephen D. Timmons and Victor E. Lowe Under Rule 26(c) (doc. 166).

The court next considers Plaintiff's Motion Under Rules 30 and 37(a) For an Order Compelling Discovery (doc. 171). Plaintiff seeks an order to compel defendant to make its attorneys Joseph Brown and Frank Seemar available for their depositions and to direct its outside counsel B.E. Shlesinger, Jr. and Philip H. Mayer to submit themselves for depositions.

As a preliminary matter the court notes plaintiff failed to comply with D.Kan.Rule 210(j). The court again waives compliance. Memoranda of the parties adequately demonstrate the existence of a discovery dispute which they cannot resolve without judicial intervention.

■ Shlesinger and Mayer are not parties to this action. The court denies plaintiff's motion as it concerns them. A deposition notice without a subpoena is not the proper procedure to depose a non-party. Fed.R.Civ.P. 45 applies.

■ The court also denies the motion as it concerns Brown and Seemar. Although not clearly identified, they appear to be in-house counsel for defendant. The only reason advanced for their depositions is to explore a potential defense of reliance on opinions of counsel. Plaintiff contends assertion of such a defense would waive the attorney-client privilege for documents or. communications to which these attorneys are privy. Defendant states it does not intend, however, to rely upon the advice of counsel as a defense to the claim of willful infringement. It states, "If the question ever does arise, it can be decided at that time under the circumstances existing at that time and taking into account the fact that the opinions were not earlier produced." Pleadings of defendant do not disclose any reference to a defense, based on advice of counsel. Plaintiff merely speculates this. It cannot pursue discovery on a defense which defendant does not assert.

Plaintiff argues that defendant will almost certainly at trial raise the defense of advice of counsel. It argues it will be prejudiced because it was deprived of the opportunity to conduct discovery regarding the opinions of such counsel. If the depositions are not permitted, and defendant were allowed to introduce the opinions of counsel in its rebuttal, then it would have manipulated the plaintiff and the court, plaintiff argues. The court rejects these arguments. If the district court is convinced defendant is disingenuous in claiming it will not rely on the opinions of counsel, it can preclude such evidence. Plaintiff may also file a motion *in limine* if it is threatened by the prospect of such evidence.

Plaintiff's motion requests an order to preclude the introduction of attorney opinions at trial. The magistrate will defer to the district judge any such rulings, concerning the admission of evidence at trial. Suffice it to say there appears to be nothing of record to show that attorney opinions are discoverable.

Plaintiff has failed, furthermore, to show the propriety and need for the depositions. Until the attorney-client privilege is waived for attorney opinions, there appears to be no need for the depositions. In addition, plaintiff has not attempted to obtain the pertinent information through discovery procedures other than depositions of these attorneys.

For the reasons stated above, the court denies Plaintiff's Motion Under Rules 30 and 37(a) for an Order Compelling Discovery (doc. 171).

The court next considers Hesston's Motion to compel Answers to Hesston's first Interrogatories and Production of Documents Requested by Hesston's First Document Request (doc. 175). Hesston seeks an order compelling a response to interrogatories 1 and 2, and production request 1.

■ As a preliminary matter the court notes Hesston failed to file a certificate of compliance with D.Kan.Rule 210(j). Hesston's correspondence indicate it conferred with counsel for defendant in an attempt to resolve this dispute. Its letter requested a response and threatened to file this motion if the response was not forthcoming. Although Hesston did confer, the court cannot find its efforts were reasonable. They did not adequately address the substance of the requests. Defendant explained that it did not know what was sought by the document request, yet Hesston offered no explanation or clarification. Indeed, its reply memorandum does not mention the document request. Defendant explained, moreover, it would produce some of the information sought during the course of discovery. Neither party has informed the court whether such discovery was produced. Defendant also complains the interrogatory would soon be moot in part. Yet neither party has informed the court whether any portion of the matter is moot. Reasonable efforts to confer might resolve some of the confusion over which discovery requests are in dispute. Hesston should also file a certificate of compliance with D.Kan.Rule 210(j). The court denies Hesston's Motion to Compel Answers to Hesston's First Interrogatories and Production of Documents Requested by Hesston's First Document Request (doc. 175).

The court next considers the Motion Pursuant to Rules 37(a) and 36(a), F.R.Civ.P. to Compel Counterdefendants to Answer Interrogatories and to Unambiguously Respond to Requests to Admit (doc. 194). Counterplaintiff Ford New Holland thereby seeks an order to compel Hay & Forage Industries, Hesston Ventures Corporation, Case Ventures Corporation, Hesston Corporations and J.I. Case Company, (hereinafter counterdefendants) to answer interrogatories Nos. 9 through 16 and to unambiguously admit or deny requests for admissions 10, 11, 23, 25, 54, and 65.

■ The subject matter of the counterclaim of Ford New Holland seeks to recover damages for alleged infringement of U.S. Patent No. 4,624,180 and 4,627,341.

It also opposes counterdefendants in two interference proceedings in the U.S. Patent Office concerning the same patents as the counterclaim. The primary purpose of the interference proceedings is to determine priority of invention for the subjects of the patents. Counterdefendants argue the requests for admissions and interrogatories at issue are not relevant to issues in this litigation, but instead pertain only to issues pending before the patent office. The discovery sought concerns a "non-infringing structure" (the 1982 Hesston prototype). Thus counterdefendants argue discovery concerning a non-infringing structure is irrelevant to counterplaintiff's claim for infringement.

The court finds the arguments of counterdefendants unpersuasive. They previously acknowledged in their responses to interrogatories that they would assert in this action claims that the patents at issue are invalid under 35 U.S.C. § 102(f) or (g). Subsection (g) provides:

A person shall be entitled to a patent unless—

. . . . .

(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

Counterplaintiff may explore counterdefendants' position with respect to the priority of invention. Such discovery is relevant to the validity of the patents at issue. The court rejects the suggestion that interrogatories 11, 12, 14, and 16 and requests numbers 10, 11, 23, and 25 improperly seek discovery regarding the 1982 Hesston prototype.

The court also rejects counterdefendants' assertion that the ruling of the Patent Office determines the propriety of the interrogatories. The rules of the Patent Office would control discovery in the interference

proceedings before it. The Federal Rules of Civil Procedure govern discovery in this action. Issues in the patent proceeding do not govern the propriety of responses to discovery requests in this litigation.

■ Interrogatories 11, 12, 14 and 16 ask counterdefendant to identify any word or phrase in applications for the patents at issue which do not describe structure or function of the 1982 Hesston prototype. Counterplaintiff complains that counterdefendants responded by stating the claims "may be applied" to the 1982 Hesston prototype. The interrogatory responses are not responsive. The interrogatories ask counterdefendants to "identify any word or phrase ... which does not describe structure or function." Counterdefendants answered that the terms "may be applied ... sufficiently for 35 U.S.C. § 102(g) purposes." Counterdefendants used the terms "may be applied" because the "word 'applying' is an essential portion of rule of practice § 1.607" of the patent and trademark rules of practice. The rules of practice before the patent and trademark office would not, however, provide a basis to judge the adequacy of counterdefendants' discovery responses. Counterdefendants' interrogatory responses fail to identify any word or phrases. Counterdefendants' responses are not complete. They shall fully answer interrogatories 11, 12, 14, and 16.

■ Counterplaintiff also seeks a supplemental response to requests for admissions 10, 11, 23 and 25. Instead of admitting or denying the requests, counterdefendant asserts that certain claims in the patent application may not be applied to the 1982 Hesston prototype sufficiently for purposes of 35 U.S.C. § 102(g). None of the requests mention this statute. Counterplaintiff contends this is irrelevant. Counterdefendants admit they intend to rely on the statute for a defense against the alleged infringement. Regardless of the relevancy of § 102(g), the response is nevertheless inadequate. It merely addresses 35 U.S.C. § 102(g). It never admits or denies that every word or phrase in the specified claims describes structure or function in the 1982 Hesston prototype.

Counterdefendant shall supply a supplemental response to request for admissions 10, 11, 23 and 25.

■ Interrogatory 9 and the objection thereto are as follows:

If the answer to the preceding request is anything but an unqualified "ADMITS", describe the full factual basis upon which any word or phrase in new claims 37–40 is contended not to describe structure or function incorporated in the Hesston 4900 baler.

ANSWER: This interrogatory is objected to as seeking attorney work product information including mental impressions, conclusions, opinions or legal theories of counsel. Without waiving this objection, Counterdefendants state that, as presently advised, and with respect to alleged infringement issues, the Hesston 4900 baler does not include structure or function corresponding to each and every specific phrase recited in new claims 37–40.

The request preceding interrogatory 9, is as follows:

Req. 8. Each and every word and phrase recited in new claims 37–40 added to United States patent application Serial No. 06/859,235 by the "Amendment under 37 CFR 1.607" describes structure or function incorporated in the Hesston 4900 baler.

Answer: Denied as to alleged infringement issues, but not as to 35 U.S.C. 102(g).

When produced and marketed to the public, the Hesston 1982 prototype became known as the "Hesston 4900." It is one of the devices allegedly infringing upon the patents at issue. The court overrules the objection of work product. The request seeks the description of the factual basis for the failure to admit. Such description does not constitute tangible things, which are the subject of work product. Nor does the question seek the content of any document shown to be work product. It seeks facts, not protected by the work-product doctrine. Counterdefendants shall fully respond to interrogatory 9.

Interrogatories 10, 11, 12, 13, 14, 15 and 16 also seek the factual basis for failure to provide an affirmative response to a request for admissions. Counterdefendants objected on grounds of work product. The court overrules these objections for the reasons stated above. Counterdefendants shall fully respond to interrogatories 9 through 16.

■ Request for admissions No. 54 and counterdefendants' response thereto are as follows:

> The controller 50 in Fig. 4 of Exhibit 5 includes a microprocessor.
>
> ANSWER: It is admitted that the illustration in Fig. 4 of Exhibit 5 could be interpreted as including a microprocessor.

Fed.R.Civ.P. 36 requires the answering party to "specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." In this instance the response averts the request. It neither admits nor denies it. Rule 36 requires a detailed explanation for the inability of the respondent to admit or deny a request. Counterdefendants failed to provide any such explanation. It shall therefore supplement its response to request 54.

■ Request 65 and the response thereto are as follows:

> Fig. 4 of Exhibit 5 attached to Counterplaintiff's First Requests for Admissions illustrates a sensor for sensing the load experienced by an element that connects a plunger to a plunger drive mechanism, the sensor producing an electrical signal in accordance with the sensed load.
>
> Answer: Denied, except it is admitted only that Fig. 4 of Exhibit 5 and the rest of the disclosure in Application S.N. 901,-513 and Application S.N. 859,235, provide descriptive support for the Counts in Interference No. 101,930 and Interference No. 102,001.

According to counterdefendants, request 65 is denied as to infringement issues, but admitted for the purposes of the interference proceeding. Although the interference proceeding is irrelevant to discovery in this litigation, the response is neverthe-

less proper. It denies in part and admits in part. Although the qualified admission may relate to the interference proceedings, there is nothing improper about the response. Counterplaintiff submits the material is extraneous, but cites no authority for the proposition that the answer is improper or must be supplemented. Nor does it explain what harm the allegedly extraneous material will cause. It has not shown adequate reason to compel a supplemental response to request 65. With the exception of request 65, the court grants Counterplaintiff's Motion Pursuant to Rules 37(a) and 36(a), F.R.Civ.P. to Compel Counterdefendants to Answer Interrogatories and to Unambiguously Respond to Requests to Admit (doc. 194). Counterdefendants shall provide supplemental responses within 20 days of the date of this order. The circumstances do not warrant the imposition of sanctions in connection with this motion.

The court summarizes its rulings as follows:

1. The court denies Plaintiff's Motion to Quash Deposition Subpoenas of Stephen D. Timmons and Victor E. Lowe Under Rule 26(c) (doc. 166).

2. The court denies Plaintiff's Motion Under Rules 30 and 37(a) for an Order Compelling Discovery (doc. 171).

3. The court denies Hesston's Motion to Compel Answers to Hesston's First Interrogatories and Production of Documents Requested By Hesston's First Document Request (doc. 175).

4. The court grants in part and denies in part Counterplaintiff's Motion Pursuant to Rules 37(a) and 36(a), F.R.Civ.P. to Compel Counterdefendants to Answer Interrogatories and to Unambiguously Respond to Request to Admit (doc. 194).

IT IS SO ORDERED.