**Mauricea KELLING, Plaintiff,**

v.

**BRIDGESTONE/FIRESTONE, INC., et al., Defendants.**

**No. 93–1319–FGT.**

United States District Court, D. Kansas.

Feb. 7, 1994.

Eric Witcher, Graybill & Richardson, Elkhart, KS, and John Hash, King, NC, for plaintiff.

Paul McCausland, Young, Bogle, McCausland, Wells & Clark, Wichita, KS, for Bridgestone/Firestone, Inc.

## ORDER

REID, United States Magistrate Judge.

On December 27, 1993, defendant Bridgestone/Firestone, Inc. filed a motion to compel the deposition of John Hash, plaintiff's counsel (Doc. 44). A response was filed on January 6, 1994 (Doc. 46). A reply was filed on January 14, 1994 (Doc. 48).

 Defendant has filed a motion to disqualify plaintiff's counsel, and the deposition is sought in relation to that motion. An attorney, even an attorney for a party to the suit, is subject to being deposed. 8 Wright and Miller, *Federal Practice and Procedure* § 2102 at 369 (1970). However, the taking of a deposition of an attorney to a party in the case poses a number of unique problems. To permit unbridled depositions of a party's attorney opens the door to delay, disruption of the case, harassment, and perhaps disqualification of the attorney. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C.1987). Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of the litigation. It could lead to additional pretrial delays to resolve work-product and attorney-client objections, and delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear ·of being interrogated by his or her opponent. Moreover, the chilling effect that such practice will have on the truthful communications from the client to the attorney is obvious. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986); *see Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 420 (N.D.Ill.1987). Absent an attorney's advice being made an issue in the case, courts should exercise great care before permitting the deposition of an attorney. *N.F.A. Corp.*, 117 F.R.D. at 85. For these reasons, deposing the opposing counsel should only be permitted when it has been shown that: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327; *Doubleday v. Ruh*, 149 F.R.D. 601, 613–14 (E.D.Cal.1993); *U.S. v. All Funds on Deposit*, 801 F.Supp. 984, 996 (E.D.N.Y.1992), *aff'd*, 6 F.3d 37 (2d Cir.1993); *M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305–06 (N.D.Ill.1992); *Eschenberg v. Navistar International Transportation Corp.*, 142 F.R.D. 296, 299 (E.D.Mich. 1992); *In re Sause Brothers Ocean Towing*, 144 F.R.D. 111, 116 (D.Or.1991); *Harriston v. Chicago Tribune Co.*, 134 F.R.D. 232, 233 (N.D.Ill.1990); *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302–03 (S.D.Fla.1990); *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.*, 125 F.R.D. 578, 593–94 (N.D.N.Y.1989); *Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 201 (E.D.Wis.1989); *N.F.A. Corp.*, 117 F.R.D. at 86.

 Defendant has failed to demonstrate that no other means exist to obtain the information than to depose opposing counsel. If there are other available sources, the party seeking the discovery should explore them first. If there are other persons available who have the information, they should be deposed first. Also, other methods, such as written interrogatories, requests for production, or requests for admission, which do not involve the same dangers as an oral deposition of opposing counsel, should be employed. *Hay & Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D.Kan.1990); *West Peninsular Title Co.*, 132 F.R.D. at 302; *N.F.A. Corp.*, 117 F.R.D. at 86. Since the defendant has failed to make any showing that no other means exist to obtain the needed information, the court will not allow the defendant to depose plaintiff's counsel.

IT IS THEREFORE ORDERED that the motion to compel the deposition of plaintiff's counsel is denied.

The second motion before the court is defendant's motion to extend the time for discovery on the motion to disqualify plaintiff's counsel, filed on February 2, 1994 (Doc. 53). The court finds that good cause has been

shown for the additional time, and the court will allow the parties through April 5, 1994 to complete discovery on this issue.

IT IS THEREFORE ORDERED that the parties may conduct discovery on the motion to disqualify plaintiff's counsel through April 5, 1994. No other discovery shall be permitted except for that discovery allowed in this court's order of December 22, 1993. Responses to written discovery requests served pursuant to this order must be made within 20 days after service of the written discovery.

IT IS FURTHER ORDERED that the status/scheduling conference in this case shall be continued until May 17, 1994 at 1:30 p.m.

Copies of this order shall be mailed to counsel of record for the parties.