Shirley K. WILLIAMS, Plaintiff,

v.

KOPCO, INC., Defendant.

No. 94–1451–FGT.

United States District Court, District of Kansas.

July 26, 1995.

Dan E. Turner, Phillip L. Turner, Turner & Turner, Topeka, KS, for Shirley Kay Williams.

Timothy J. Finnerty, Wallace, Saunders, Austin, Brown & Enochs, Witchita, KS, Dustin L. DeVaughn, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, for Kopco Inc.

## ORDER

REID, United States Magistrate Judge.

The first motion before the court, filed April 4, 1995, is plaintiff's motion for an order compelling the defendant's participation in the discovery process and for sanctions against defendant for failure to participate in the discovery process (Doc. 32). Plaintiff contends there is no conflict of interest, as alleged by defense counsel, by plaintiff's counsel representing the defendant in a collection matter which, plaintiff's counsel claims, was finalized prior to the commencement of the instant case. Defendant requests that the Court deny plaintiff's motion on the grounds of plaintiff's counsel's alleged "conflict of interest in the simultaneous, adverse representation of plaintiff and defendant without notice and consent" which was the reason for defense counsel's termination of depositions.

■ This court must determine whether discovery should be stayed until the conflict of interest issue has been decided. The question here is whether plaintiff's counsel's previous representation of KOPCO placed

plaintiff's counsel in a position such that any depositions they ordered of present and past employees of KOPCO would be potentially prejudicial to KOPCO, the defendant in the instant case.

The uncontested facts are as follows: Mr. Dan Turner, of the Turner and Turner law firm, is counsel for plaintiff, Shirley Williams, in the instant case. Plaintiff seeks damages from defendant as a result of personal injuries sustained on defendant's premises on or about November 23, 1992. Plaintiff seeks other damages from defendant as the result of the breach of an alleged oral employment contract with defendant. The law offices of Turner & Turner established an attorney-client relationship with Shirley K. Williams prior to September 12, 1989 for purposes of bankruptcy proceedings.

Defendant in the instant case is KOPCO, Inc., a closely-held, family corporation engaged in the printing business. On or about December 27, 1989 KOPCO retained the Turner & Turner law firm in a collection matter against a Mr. Woodward d/b/a Kaw Valley Consumer. Specifically, Mr. Turner's law firm advised Mr. Jim Patton, then the Business or General Manager of KOPCO, in the matter involving Mr. Woodward. The last correspondence with regard to the Woodward matter between Mr. Turner and KOPCO was in January 1993. (See Defendant's Exhibits F & G)

Mr. Dan Turner, of the Turner & Turner law firm, seeks to compel discovery, through deposition, of Mr. Jim Patton, now no longer employed by KOPCO, in the instant case. Mr. Turner claims that the time period between January 1993, when the matter with Mr. Woodward was resolved, and the current time is sufficient to preclude a claim of conflict of interest. Defendant does not agree, claiming an existing attorney-client relationship between Mr. Turner and KOPCO.

It is the view of this court that until the matter of the potential conflict of interest has been resolved, discovery should not proceed. While not wanting to rule on the matter of conflict of interest, this court believes that the uncontested facts are sufficiently compelling in the case to present a bias against defendant by having Mr. Patton answer deposition questions put to him by Mr. Turner or a member of Mr. Turner's firm. The court is particularly concerned about the fact that Mr. Turner admits, in an October 19, 1993 letter to Mr. Kenneth George, President of KOPCO, that "[i]n January of this year my office advised your company, more particularly Jim Patton." (defendant's exhibit G) For Mr. Turner to now request a deposition of Mr. Patton presents this court with a dilemma best resolved by the district court on the potential attorney-client conflict of interest issues raised by defendant.

Furthermore, it has been alleged by the defendant KOPCO that Mr. Turner's representation of plaintiff in the instant case, Shirley K. Williams, coincides with Mr. Turner's representation of KOPCO on the Woodward matter. This is a fact question that this court cannot decide. However, the mere allegation of such an attorney-client conflict of interest is sufficient to stay discovery until the district court resolves the issue of conflict of interest.

IT IS THEREFORE ORDERED that the motion to compel and for sanctions is denied.

IT IS FURTHER ORDERED that all discovery is stayed, except for discovery pertaining to the motion to disqualify. The stay order will remain in effect until the district court rules on the motion to disqualify.

A second motion before this court is a request by defendant for protective orders, pursuant to F.R.Civ.P. 26(c)(1) and (2), directing that depositions served by plaintiff upon defendant's counsel, Timothy J. Finnerty and Dustin L. DeVaughn, not be had because they either bear no relevance to defendant's previously filed motion to disqualify plaintiff's counsel or, alternatively, are premature (Doc. 45). Defendant further seeks an order delaying defendant's responses to plaintiff's written discovery until the court can conduct a discovery conference to tailor discovery on the motion to disqualify plaintiff's counsel.

The plaintiff claims that she is entitled to see the correspondence and documents exchanged between the defendant and defendant's counsel concerning plaintiff's counsel's alleged conflict of interest in order to properly respond to the defendant's motion to disqualify plaintiff's counsel. In the alternative plaintiff requests that defendant's counsel be required to prepare a privilege log prior in order for plaintiff's counsel to determine which documents might lead to relevant information concerning the allegations of a conflict of interest while allowing the Court to review said documents and determine their relevancy and materiality thereupon allowing defendant's counsel to be deposed at that time.

In response to plaintiff's objections to this motion, defendant raises no objection to any of plaintiff's written discovery. Defendant asks that the responses to the written discovery be delayed until the court can conduct a discovery conference with the parties to develop a plan for discovery on the motion to disqualify plaintiff's counsel.

The first issue concerns the depositions of defendant's counsel. This court has previously ruled on this very issue, in *Kelling v. Bridgestone/Firestone, Inc.,* 153 F.R.D. 170, 171 (D.Kan.1994), which involves an identical factual situation. As this court held in *Kelling,* deposing opposing counsel should only be permitted when it has been shown that: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. Plaintiff has failed to demonstrate that no other means exist to obtain the information than to depose opposing counsel. The court directs plaintiff to *Kelling* as to alternative discovery means which may be undertaken in this situation. In addition, plaintiff has failed to demonstrate how the information sought is relevant, and if relevant, is crucial to the issue of the motion to disqualify. Therefore, plaintiff has failed to meet any of the standards set forth in *Kelling.*

The second issue is in regards to the deposition of Ken George, president of the defendant company. The court finds no reason why this deposition should not proceed; there is no need to await a discovery conference before this deposition is taken. However, the deposition will be limited to information relevant to the motion to disqualify. For the same reason, the court directs defendant to respond to the written discovery that pertains to the motion to disqualify.

The final issue concerns plaintiff's efforts to obtain from defendant's attorneys all documents concerning KOPCO and the alleged conflict of interest involving the Turner firm. To the extent that plaintiff seeks this information to determine when defendant's counsel became aware of the alleged conflict, this information is irrelevant to the issues raised by a motion to disqualify plaintiff's counsel. The court finds that many of the documents are protected by the attorney-client privilege and/or the work product rule, and that the privileges have not been waived.

IT IS THEREFORE ORDERED that the motion for a protective order as to the depositions of attorneys Timothy Finnerty and Dustin DeVaughn is granted.

IT IS FURTHER ORDERED that the motion for a protective order as to documents sought from defendant's attorneys is granted.

IT IS FURTHER ORDERED that the motion for a protective order as to the deposition of Ken George is denied. Mr. George may be deposed for the limited purposes of the motion to disqualify.

IT IS FURTHER ORDERED that the motion for a protective order as to written discovery relevant to the motion to disqualify is denied.

The third motion before this court is plaintiff's motion for a protective order, filed on May 30, 1995 (Doc. 61–62). This motion seeks to prevent the taking of the deposition of the plaintiff and plaintiff's counsel, and also seeks a protective order regarding the production of certain documents.

■ The court finds that defendant has shown good cause for the taking of the deposition of the plaintiff for the limited purpose of the motion to disqualify. However, as the court has noted above, the court will quash the depositions of plaintiff's counsel due to defendant's failure to satisfy the requirements of *Kelling;* defendant has particularly failed to demonstrate that no other means exist to obtain the information.

The final issue before the court on this motion is defendant's subpoena of business records of the Turner & Turner law firm. While the court acknowledges that Turner & Turner should have complied with Fed. R.Civ.P. 26(b)(5), the court finds that requests 1–3 on their face clearly implicate the attorney-client privilege and/or the work product rule. In addition, the requests are overly broad for what is needed for purposes of the motion to disqualify. Therefore, the court will grant the protective order as to requests 1–3. Defense counsel can still obtain information from their own client, from plaintiff, and can craft more narrowly drafted interrogatories to provide relevant information without implicating any privilege.

■ The court will not require plaintiff to produce the contingent fee agreement sought in request 6. Plaintiff has disclosed the date on the contract and the date it was executed. However, the court can see no relevance to the disclosure to the full body of the agreement, and the defendant has failed to indicate its relevance.

■ However, the court finds that neither the attorney-client privilege nor the work product rule is implicated in request 4. The information sought will simply provide information as to contacts between the law firm and the client. It will not reveal any "communication" as defined in K.S.A. 60–426(c). However, the request is overly broad in seeking all long-distance calls. Turner & Turner should provide the records, but only for those calls between the law firm and the plaintiff.

In addition, Turner & Turner shall provide the information sought in request 5. The

information sought is also not a "communication" as defined by statute. *See In re Grand Jury Subpoenas,* 906 F.2d 1485, 1492 (10th Cir.1990).

As to requests 7–9, the court directs Turner & Turner to make a good faith effort to provide the information sought. If they cannot obtain the information sought, Turner & Turner shall provide an affidavit to defense counsel by August 7 setting forth what steps they took to obtain the requested information.

IT IS THEREFORE ORDERED that the motion for a protective order as to the deposition of the plaintiff is denied.

IT IS FURTHER ORDERED that the motion for a protective order as to the depositions of plaintiff's counsel is granted.

IT IS FURTHER ORDERED that the motion for a protective order as to the subpoena directed to Turner & Turner is granted in part and denied in part, as set forth above.

The fourth motion before the court is defendant's motion to compel discovery, filed on July 14, 1995 (Doc. 71–72). The material sought against the plaintiff is identical to that material sought against Turner & Turner in the May 30, 1995 motion. For the reasons set forth in that motion, the motion will be denied.

IT IS THEREFORE ORDERED that the motion to compel is denied.

Also before the court are numerous motions regarding the discovery schedule (Doc. 33, 36, and 67). In light of the motion to disqualify, the court will set aside the deadlines set in the scheduling order, and will wait until after the court rules on the motion to disqualify to set a new scheduling conference.

IT IS THEREFORE ORDERED that the deadlines in the scheduling order are set aside. A new scheduling conference will be held after the district court judge issues its ruling on the motion to disqualify. Counsel

shall notify this court when the ruling is filed so that a new scheduling conference can be set.

The final motion before the court is defendant's motion for a discovery conference in respect to the motion to disqualify (Doc. 39). Since most of the issues addressed in the motion have been disposed of with this order, the court does not see a need for a conference at this time. However, the court will set deadlines for the completion of discovery on the motion to disqualify.

IT IS THEREFORE ORDERED that the motion for a discovery conference is denied. Any interrogatories, requests for production, and requests for admission must be served no later than August 14, 1995. Each side is limited to 20 interrogatories and 20 requests for admission. Depositions must be scheduled no later than August 31, 1995.