**UNITED PHOSPHORUS, LTD., a corporation organized under the laws of India, Plaintiff,**

v.

**MIDLAND FUMIGANT, INC., a Kansas corporation, Defendant.**

No. 91–2133–EEO.

United States District Court, D. Kansas.

Dec. 12, 1995.

John C. Tillotson, Murray, Tillotson & Nelson, Chtd., Leavenworth, KS, D.A.N. Chase, Chase & Yakimo, Overland Park, KS, Richard P. Stitt, Overland Park, KS, for Midland Fumigant Inc.

Robert E. Marsh, Bruce Campbell, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, William F. High, James M. Warden, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, Michael G. Smith, Southwestern Bell Telephone Co., St. Louis, MO, for United Phosphorus, Ltd.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

Before the court is defendant's Motion for Protective Order Limiting the Scope of the Deposition of John Tillotson (doc. 113). Plaintiff has filed a response opposing defendant's motion. Defendant has filed a reply.

On April 19, 1991, plaintiff filed this action against Midland Fumigant, Inc. ("Midland") alleging trademark infringement and unfair competition. Subsequently, a settlement was reached and the case was dismissed in June 1992. In March of 1994, plaintiff moved to vacate the dismissal on the grounds that defendant had repudiated the settlement agreement. On January 20, 1995, the court ordered that the dismissal be set aside and that discovery be resumed. During the course of discovery, defendant disclosed a meeting in 1987 at which Don Fox, president of defendant corporation, Rajju Schroff, president of plaintiff corporation, and John C. Tillotson, one of defendant's attorneys, were in attendance. In early August, 1995, Mr. Tillotson agreed to be deposed on August 11, 1995. On August 8, 1995, plaintiff issued a formal, general notice to take the deposition of Mr. Tillotson as agreed. Thereafter, discussion ensued between counsel as to the scope of the deposition. The parties were unable to agree on the subjects upon which Mr. Tillotson would be deposed. Plaintiff was notified, on August 10, 1995, that Mr. Tillotson had changed his mind about making himself available for deposition and would be filing a motion seeking a protective order. Defendant has now filed a motion, pursuant to Fed.R.Civ.P. 26(c)(4), requesting that the court limit the scope of the deposition of Mr. Tillotson to matters discussed at the 1987 meeting, and documents and/or agreements relating to such matters.

Defendant argues that plaintiff has failed to identify the subject matters into which inquiry will be made or to demonstrate that there is no means to obtain the information other than to depose Mr. Tillotson, one of its counsel in this action. Defendant relies on *Kelling v. Bridgestone/Firestone,* 153 F.R.D. 170 (D.Kan.1994), citing *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986), which holds that the party seeking to depose opposing counsel must show that: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. In *Kelling,* U.S. Magistrate Judge John Thomas Reid held that the party seeking the opposing attorney's deposition had failed to carry its burden of proof. *Id.*

In its response, plaintiff argues that under Fed.R.Civ.P. 30(a), a party is entitled to take the deposition of any person, including an attorney, relying on *Johnston Dev. Group v. Carpenters Local,* 130 F.R.D. 348 (D.N.J. 1990). Plaintiff also cites *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687 (D.Kan.1990), wherein U.S. Magistrate Judge Gerald L. Rushfelt, applying the same three-prong standard as set forth in *Shelton* and *Kelling,* held that the deposing party was not required to exhaust *all* opportunities to obtain the information sought through other forms of discovery. The court in *Hay* allowed the deposition of plaintiff's counsel. *Id.*

Since the filing of this motion, the Tenth Circuit Court of Appeals has addressed the propriety of entry of a protective order against the taking of an attorney's deposition in *Boughton v. Cotter Corporation,* 65 F.3d 823 (10th Cir.1995). Following the Eighth Circuit Court of Appeals in *Shelton,* the court held that the trial court "at least has the discretion under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition ... are not met." *Id.* at 830. The district court had entered a protective order to avoid what it found was an unnecessary burden upon the party whose attorney was to be deposed. In this context, the court approved the criteria set forth in *Shelton* and affirmed the district court's finding that a protective order was appropriate since the requesting party had not met one or more of the three criteria. *Id.* at 831.

The issue in this case is not whether opposing counsel's deposition will be taken. Defendant agrees that Mr. Tillotson's deposition is appropriate, and Mr. Tillotson has agreed to give his deposition. Rather, the issue now before the court is the scope of the deposition inquiry.

The starting point for the court's consideration, as it must be, is the Federal Rules of Civil Procedure. The scope of discovery is limited only by Fed.R.Civ.P. 26(b)(1) which provides that "parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." Information is discoverable, although not admissible, if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Under Fed.R.Civ.P. 30, a party may take the testimony of "any person" by deposition, upon oral examination, without leave of court. Fed.R.Civ.P. 26(b)(2) provides that particular discovery methods may be limited by the court if it determines

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

■ Fed.R.Civ.P. 26(c) is applicable to protective orders sought by persons or parties from whom the discovery is sought. The Rule provides:

Upon motion by a party or by the person from whom discovery is sought, ..., and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

The burden of establishing good cause for entry of a protective order is unambiguously on the party seeking the order. *Cipollone v. Liggett Group, Inc., et al.,* 785 F.2d 1108 (3rd Cir.1985).

The Federal Rules of Civil Procedure do not themselves exempt attorneys from being a source of discoverable facts. While one might consider that this was perhaps an oversight, the Rules would seem to indicate otherwise. Fed.R.Civ.P. 26(b)(3) provides, in relevant part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the sub-

stantial equivalent of the materials by other means.

■ Fed.R.Civ.P. 26(b)(3) clearly contemplates discovery from attorneys as well as from the parties themselves or their agents. When work product is sought under Rule 26(b)(3), such discovery is limited to circumstances where the party seeking discovery can establish a substantial need and an inability to obtain the substantial equivalent by other means. The burden of establishing the criteria set forth in Rule 26(b)(3) is upon the party seeking discovery. Neither the criteria for determining the appropriateness of discovery or the burden of establishing the existence of the criteria are altered because the documents were prepared by or in the custody of an attorney. Not only are attorneys not exempt from this rule, discovery from them is clearly contemplated. It is inconceivable that had the drafters of the Federal Rules of Civil Procedure, the Supreme Court or Congress intended to exempt attorneys from the provisions of Rule 30 or to otherwise limit discovery from attorneys, they would not have included a provision in Rule 30 similar to that contained in Rule 26(b)(3). Had the Court or Congress intended to engraft a preliminary showing when deposition discovery was sought from attorneys, such an exception would likely have been found in Rule 30 or otherwise within the Rules of Civil Procedure. Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party to represent them in litigation. Further, under Rule 30 there is no requirement that the notice to take depositions include an identification of the subject matters upon which the witness is to be deposed, as is required when the notice identifies a corporation as a deponent.[1] This court is extremely reluctant to engraft onto the Rules exceptions which seem so

clearly not to have been intended by the drafters, the Court or Congress.[2]

■ In relying on *Kelling,* defendant argues that the plaintiff has not carried its burden of establishing the existence of the criteria set out therein, adopted from *Shelton,* before proceeding with the deposition. Under the Federal Rules of Civil Procedure, discovery is allowed when served in compliance with the Rules unless a timely objection is made. Unless otherwise specifically shifted under the Rules, the burden of objecting to proposed discovery is on the party from whom discovery is sought.[3]

It is in this context that the court applies the principles of *Boughton.* Since *Boughton* was decided after the filing of the instant motion and only the day before the filing of the response to the motion, neither party has specifically argued the facts of this case in light of *Boughton.* For that matter, neither party cited or relied on *Shelton* although Judge Reid relied upon it in *Kelling.* Nevertheless, the court will consider the facts before it under *Boughton.*

■ The record reflects that Mr. Tillotson has represented defendant Midland for several years, and has been involved in the facts underlying this case since 1986. In 1987, as attorney for defendant or its principals, Mr. Tillotson participated in negotiations between the former owners of Phos–Fume and Mr. Fox related to the purchase of Phos–Fume. Mr. Tillotson drafted at least three separate agreements related to the purchase of Phos–Fume between March and November of 1987. He attended a meeting with Mr. Fox, Midland's president, and Mr. Schroff, United's chairman, to discuss Phos–Fume. Mr. Tillotson is the registered agent for defendant corporation and prepares and keeps the corporate records. It is alleged that in April 1992, Mr. Tillotson drafted and signed a letter containing a misrepresentation concerning Midland's inventory of aluminum phos-

---

1. See Fed.R.Civ.P. 30(b)(6).

2. The parties' attention is also directed to *Kaiser v. Mutual Life Insurance Company of New York,* 161 F.R.D. 378 (S.D.Ind.1994), a well-reasoned opinion by U.S. Magistrate Judge Kennard P. Foster.

3. *Aramburu v. Boeing Company,* 885 F.Supp. 1434 (D.Kan.1995); *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325 (D.Kan.1991); *Evello Investments N.V., et al. v. Printed Media Services, Inc.,* 1995 WL 135613 (D.Kan.1995).

phide which was, in part, the basis for setting aside the settlement which had previously concluded this action. Plaintiff represents that Mr. Tillotson has advised its counsel that he "has lots of information" since he has "been involved in this since 1986."[4] During a deposition on June 22, 1995, Mr. Tillotson remarked "[l]ooks like I may be a witness in this case after all, Floyd."[5] Neither the defendant nor Mr. Tillotson has denied any of the facts set out above by reply memorandum or otherwise. Therefore, the court assumes them to be true.

Plaintiff has identified only the facts set out above as possible areas of inquiry during the proposed deposition although plaintiff references four areas of inquiry which have been disclosed to defendant but are not specifically identified in the plaintiff's motion. There is no question that the facts set out above reflect relevant areas of inquiry in this action. Defendant does not challenge relevance of the proposed discovery, but simply argues that the plaintiff has not made the required showing, under *Kelling*, for inquiry beyond the 1987 meeting.

It cannot be disputed that Mr. Tillotson may have information which could reasonably lead to the discovery of admissible evidence. Further, plaintiff has affirmatively represented that it does not intend to inquire concerning matters protected by attorney-client privilege or work product. There is no evidence or argument that the deposition is being taken for the purpose of harassment of the defendant or its counsel.

Defendant argues that since Mr. Tillotson has represented Midland for years, the taking of his deposition will "work substantial hardship on Midland unless *real* need is demonstrated." Since neither the defendant nor Mr. Tillotson has objected to the proposed deposition, the issue is not whether the taking of Mr. Tillotson's deposition will work a substantial hardship on the defendant but whether inquiry into areas other than the one area to which the defendant has agreed will work a substantial hardship on the defendant. The defendant offers no explanation as to how the broader scope of inquiry will, in and of itself, work a greater hardship than the taking of the deposition with inquiry to which defendant has agreed.

The holding in *Boughton* is narrow. In *Boughton*, the court found that it was not an abuse of discretion to preclude the deposition of opposing counsel when required to protect a party from an unnecessary burden. The court does not suggest that the criteria it employed must be applied in every case in which the opposing counsel's deposition is sought. Nor does the court declare that the burden under Rule 26(c) should be shifted to the party seeking the deposition by virtue of the fact that the proposed deponent is opposing counsel. Such would be inconsistent with the express provisions of Rule 26(c).

In *Shelton*, the Eighth Circuit observed with concern "the increasing practice of taking opposing counsel's deposition." The court reasoned that "[t]aking the deposition of opposing counsel not only disrupts the adversarial nature of our judicial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id.* at 1327. Deposing counsel for the opposing party has not been a practice in this district. It has been an extremely rare event. When such depositions are sought for an improper purpose or when such depositions would create undue burden or expense, Rule 26(c) provides an adequate remedy. When a party employs counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested. Under the facts before the court, Mr. Tillotson was directly involved in events preceding the filing of the action which may be relevant to the issues in dispute, and but for his status as an attorney in this action, would in all respects be considered as a witness from whom discovery would be appropriate.

There is no argument or evidence in this case that undue burden will be imposed upon the defendant by extension of the scope of

---

4. Plaintiff's Memorandum in Opposition to Defendant's Motion for Protective Order, p. 6.

5. Plaintiff's Memorandum in Opposition to Defendant's Motion for Protective Order, p. 1.

the discovery beyond that to which the defendant has agreed. The court is unwilling to preclude plaintiff from discovery of facts which may be relevant in this case simply because defendant has chosen Mr. Tillotson to represent it as counsel in this matter notwithstanding his personal knowledge of the underlying facts which are related to the action.

Once it has been determined that the deposition of counsel in the case is appropriate, the burden is upon the proposed deponent or the party challenging the deposition to establish that the scope of the inquiry should be limited. Defendant has failed to establish good cause for entry of a protective order limiting the scope of inquiry of Mr. Tillotson.

While the court has determined not to apply the criteria enunciated in *Shelton* [6] due to the facts presented, if the court were to apply the criteria to the facts now before it, the result would be the same. Plaintiff has provided evidence of specific instances in which Mr. Tillotson participated in events underlying the claims in this case. Plaintiff has made an adequate showing that Mr. Tillotson possesses relevant, nonprivileged information crucial to the preparation of this case. No other satisfactory means exist for obtaining facts known to Mr. Tillotson than his deposition.

The court finds that good cause has not been shown warranting entry of a protective order limiting the scope of Mr. Tillotson's deposition. Defendant's motion is overruled.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.

---

**6.** (1) No other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; (3) the information is crucial to the preparation of the case.