Andrew V. MIKE, Plaintiff,

v.

DYMON, INC., Defendant.

Civil Action No. 95–2405–EEO.

United States District Court,
D. Kansas.

Nov. 15, 1996.

J. Neal Sawyer, Jr., Paul D. Sinclair, Andrew S. Mendelson, Gerald L. Thompson, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, for plaintiff.

Michael B. Hurd, J. David Wharton, Shook, Hardy & Bacon L.L.P., Kansas City, MO, William R. Sampson, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

RUSHFELT, Magistrate Judge.

Before the court is a Motion To Compel Depositions of J. David Wharton and Joan O. Herman (doc. 118). Plaintiff thereby seeks to compel these individuals to give depositions. Defendant opposes the motion. The court deems the motion moot to the extent it seeks to compel the depositions to be taken May 23, 1996. That date has passed. The court will nevertheless determine the propriety of compelling the depositions in the future.

Some factual background will help to understand the issue and ruling of the court. Plaintiff alleges that as part of his employment and compensation agreement with Dymon, they executed a New Product Innovation Agreement (Agreement). By its terms Dymon would compensate plaintiff "for any new product ideas submitted to [it] by [him] and developed and marketed by [it]." (Second, Third, & Fourth Am.Compls. ¶¶ 6–7, docs. 204, 212, and 214.) He further alleges that he submitted a new product, now known as Scrubs in a Bucket, which Dymon has developed and marketed; and that its failure to compensate him constitutes a breach of their contract. (Second Am.Compl. ¶¶ 8–13; Third & Fourth Am.Compls. ¶¶ 8–11.) Although Dymon has yet to answer the Second, Third, or Fourth Amended Complaints, it has previously denied that plaintiff is entitled to compensation under the Agreement for sales of the product. (Answer to Am.Compl. & Countercl. ¶ 10, doc. 180.) It has asserted as an affirmative defense and counterclaim that plaintiff breached his employment contract by revealing confidential information about its business. (*Id.* ¶ 42; Countercl. ¶ 2, doc. 180.) The proposed deponents are defense counsel in this action. Mr. Wharton is an attorney of record. Both he and Ms. Herman were involved in patenting the product Scrubs in a Bucket.

Plaintiff seeks to depose these attorneys to obtain information regarding their involvement with the patent application and other patent filings concerning Scrubs in a Bucket (hereinafter collectively referred to as the patent application); statements made to them by employees of defendant regarding the product and used in preparing the patent application; and their knowledge of the policies and practices of defendant concerning the New Product Innovation Agreement. Plaintiff contends that the two attorneys prepared the patent application and were extensively involved in related meetings and discussions with employees of defendant. He argues that they have received extensive material information about the invention and development of the product. He further argues that all testimony regarding information used to prepare the patent application is

relevant to establishing whether his role in the invention falls within the terms of the New Product Innovation Agreement.

Plaintiff contends that testimony from Mr. Wharton is particularly important regarding those policies and procedures of defendant which relate to their Agreement. Plaintiff suggests that the long-term, attorney-client relationship between Mr. Wharton and defendant makes his testimony necessary to establish its past practices in applying the terms of the Agreement and to explain its justification for denying him compensation despite the clear terms of the Agreement.

Plaintiff denies that the information sought by the depositions is available from other sources. He argues that extensive discovery has failed to uncover the desired information. He states that no other sources exist from which to obtain it. He suggests that the proposed deponents are uniquely qualified to reveal information about his verbal and written submission and explanation of the Scrubs product. He denies, furthermore, that the testimony encroaches upon the attorney-client privilege.

Defendant contends that the information sought to be elicited is irrelevant, privileged, and otherwise protected from disclosure. It suggests that the attorney-client privilege shields the information from discovery. It argues, furthermore, that plaintiff has failed to show its unavailability through discovery procedures other than the depositions of counsel. It suggests that plaintiff must specifically identify each instance in which he requested the information and demonstrate that no witness or written discovery response was able to provide the requested information. With respect to the knowledge of the deponents about its policies and practices, it suggests that the deponents possess no material, relevant information. It further suggests that plaintiff has obtained information about its policies and practices through an answer to an interrogatory.

■ "An attorney, even an attorney for a party to the suit, is subject to being deposed." *Kelling v. Bridgestone/Firestone, Inc.*, 153 F.R.D. 170, 171 (D.Kan.1994). Courts do not favor thwarting a deposition. *Leighr v. Beverly Enterprises–Kansas Inc.*, 164 F.R.D. 550, 552 (D.Kan.1996). They rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present. *Phoenix Mut. Life Ins. Co. v. College Court*, No. 92–2254–KHV, unpublished op. at 3 (D.Kan. May 17, 1993). A request to take the deposition of an attorney for a party may, however, constitute a circumstance justifying departure from the normal rule. *Id.*

■ "While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters." *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D.Kan.1990). Courts, therefore, generally prohibit the deposition of counsel for a party, unless the party seeking the deposition shows that: (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *See Williams v. Kopco, Inc.*, 162 F.R.D. 670, 673 (D.Kan.1995); *Kelling*, 153 F.R.D. at 171; *but see, United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D.Kan.1995). "Because of the potential for abuse in deposing an opponent's attorney, courts have required the party seeking the deposition to demonstrate its propriety and need." *Hay & Forage Indus.*, 132 F.R.D. at 689. "The burden is on the [party seeking the deposition] to establish that the [above] criteria are met." *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 n. 10 (10th Cir.1995); *contra, United Phosphorus, Ltd.*, 164 F.R.D. at 249.

Plaintiff seeks three categories of information from the proposed deponents: (1) information regarding their involvement with the patent application; (2) statements made to them by employees of defendant regarding the product and used in preparing the patent application; and (3) their knowledge of the policies and practices of defendant concerning the New Product Innovation Agreement. Plaintiff claims such information is relevant

and crucial to his claim for compensation under the New Product Innovation Agreement. He further asserts that the information is not privileged, because he seeks only underlying factual information not protected by the attorney-client privilege. He claims to have conducted extensive discovery in an attempt to obtain such information, but to no avail. He purportedly has deposed many executives and employees of defendant, as well as another attorney of defendant. He claims that he has nowhere to turn, except to the unique insight of Mr. Wharton and Ms. Herman.

█ Plaintiff has not satisfactorily shown that the proposed deponents possess material, relevant information about the policies and practices of defendant concerning the New Product Innovation Agreement. The proposed deponents aver that they had no involvement in the drafting of such Agreement. They further aver that, prior to this lawsuit, they had no involvement in interpreting the Agreement. They simply had no knowledge of the policies or procedures, until plaintiff filed suit. (See Affs. of Joan Optican Herman and J. David Wharton, attached as App. 2 and 3 to Def.'s Resp. To Pl.'s Mot. To Compel Deps., doc. 135.) The court does not find that their knowledge of the policies and practices of defendant would add anything of consequence to information which should be available from the officers and employees of defendant. Nor does the court find the requested information is crucial to preparation of the case.

█ Plaintiff has not adequately shown, furthermore, that the other information sought by the depositions is unavailable from other sources. He must show that no other sources exist from which he can reasonably obtain the information. He "should demonstrate that the deposition is the only reasonably practical means available for obtaining the information. If there are other available sources, the party seeking the discovery should explore them first." *Hay & Forage Indus.*, 132 F.R.D. at 689. "If there are other persons available who have the information, they should be deposed first." *Kelling*, 153 F.R.D. at 171. In addition, plaintiff "should consider other methods, such as written interrogatories, requests for production

or requests for admissions." *Hay & Forage Indus.*, 132 F.R.D. at 689. These discovery methods "do not involve the same dangers as an oral deposition of opposing counsel." *Kelling*, 153 F.R.D. at 171.

Plaintiff has not adequately shown that deposing the two attorneys is the only reasonably practical means of obtaining information regarding the patent application including how statements of employees of defendant were used in preparing the application. Plaintiff speaks only in generalities. He provides nothing specific with regards to other means of discovery. He fails to indicate why interrogatories or other written discovery devices do not suffice. He must carry the burden to show that no other sources are reasonably available. To carry his burden, plaintiff must identify the specific unsuccessful measures he has taken to obtain the information, why they have failed, and that other resources also are unavailable.

Plaintiff has attached a single Affidavit of Gerald L. Thompson to his supporting memorandum. The affidavit addresses none of the above-described matters which plaintiff must show. It merely says an attorney instructed J. David Wharton not to answer a question as to whether Wharton drafted the New Product Innovation Agreement. The affidavit presents nothing of consequence to support the motion.

In addition, the court sees no relevance of information regarding the patent application process. Plaintiff sues for breach of contract. Defendant does not dispute that plaintiff was an inventor of the Scrubs–in–a–Bucket product. Plaintiff has not shown the relevancy of the patent application process.

For the foregoing reasons, the court deems moot in part and otherwise overrules the Motion To Compel Depositions of J. David Wharton and Joan O. Herman (doc. 118). It deems the motion moot to the extent it seeks to compel deposition testimony on May 23, 1996. It otherwise overrules the motion.

IT IS SO ORDERED.