**Michael G. OLESON, Plaintiff,**

v.

**KMART CORPORATION, Defendant.**

**No. 96–4066–SAC.**

United States District Court, D. Kansas.

Aug. 28, 1997.

---

Scott J. Bloch, Andrew R. Ramirez, Matthew D. All, Stevens & Brand, L.L.P., Lawrence, KS, Michael J. Maddox, William J. Skepnek, Lawrence, KS, for Plaintiff.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for Defendants.

### *MEMORANDUM AND ORDER*

NEWMAN, United States Magistrate Judge.

This matter is before the court on Defendant's Motion for Protective Order. (Doc. 171.) Defendant moves the court for a protective order pursuant to Fed.R.Civ.P. 26(c) and Fed.R.Civ.P. 30(d)(3), requiring plaintiff's counsel to refrain from further deposition examination of witnesses L.A. (Andy) Casto and Kurt Thompson "in bad faith or in such a manner to unreasonably annoy, embarrass or press the deponent." In addition, defendant seeks sanctions under Fed.R.Civ.P. 37(a)(4). Plaintiff has filed a response. No reply has been filed.

The instant motion is essentially identical to defendant's first motion for protective order (doc. 99). For the following reasons previously stated by the court in its Memorandum and Order overruling the first motion, the instant motion is overruled.

Defendant fails to comply with D. Kan. Rule 7.6. Defendant has filed a one page memorandum in support of the motion incorporating by reference Defendant's Response to Plaintiff's Second Motion to Compel, for Protective Order and for Sanctions. Other than reciting Fed.R.Civ.P. 30(d)(3), defendant offers no authority in support of its position in either its motion, memorandum or responsive memorandum.

Defendant has also failed to provide the certification required under Fed.R.Civ.P. 26(c). The court expects strict compliance with the statutory requirements of Fed.R.Civ.P. 26(c) if counsel determines that a motion for protective order is warranted. The court could deny the motion solely on these grounds. Notwithstanding, the court will address the merits.

Pursuant to Fed.R.Civ.P. 26(c), the moving party is required to show good cause for the entry of the protective order. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.,* 164 F.R.D. 245, 1995 WL 744952 (D.Kan.1995)(citing *Cipollone v. Liggett Group, Inc., et al.,* 785 F.2d 1108 [3rd Cir. 1986] ). Defendant has failed to carry its burden of proof establishing that entry of a protective order is warranted. The court has reviewed the examples of inquiry by plaintiff's counsel identified by defendant. While the questions posed by plaintiff's counsel were, at times, inartful, repetitious, and confusing, there is no evidence of bad faith. There is no evidence that the deposition inquiry was conducted in such a manner as to unreasonably annoy, embarrass, or press the witness. There is, however, evidence of repeated improper conduct by defendant's counsel as set out in the court's Memorandum and Order related to plaintiff's second motion to compel.

While defendant purportedly pursues the motion under Fed.R.Civ.P. 30(d)(3), the deposition transcripts do not reflect that either Mr. Casto or Mr. Thompson's deposition was terminated by defendant for the purpose of pursuing such motion. In fact, defendant delayed filing the instant motion for eight weeks after the completion of these depositions and the motion was filed in conjunction with defendant's response to plaintiff's mo-

tion to compel related to the same depositions.

As the court held in its Memorandum and Order addressing the defendant's first motion for protective order, it appears that defendant has filed the instant motion in retaliation for plaintiff's filing of a second motion to compel, for protective order, and for sanctions. As previously held, the motion is frivolous and without legal merit. This second motion again has required plaintiff to file a response and has wasted the court's time. Therefore, the court is considering imposing sanctions against Mr. Haynes for the filing of this motion under 28 U.S.C. § 1927, Fed. R.Civ.P. 37(a)(4), D. Kan. Rule 11.1 and the inherent powers of the court, which sanctions may include payment of attorney's fees to plaintiff's counsel, reimbursement to defendant for the increased attorney's fees due to the filing of this motion, and payment of a sanction to the court for its time in reviewing this dispute. The court defers its determination of the type and amount of the sanctions it will impose against Mr. Haynes until the court has considered all pending discovery matters. At that time, an additional order will be issued by the court encompassing all sanctions issues.

In summary, Defendant's Motion for Protective Order (doc. 171) is overruled in its entirety.

**IT IS SO ORDERED.**