Carey S. SADOWSKI, Plaintiff,

v.

Agust GUDMUNDSSON, et al., Defendants.

Civil Action No. 01–ms233 (RWR/JMF).

United States District Court, District of Columbia.

March 1, 2002.

Maurice Ulman Cahn, Cahn & Samuels, LLP, Washington, DC, for plaintiff.

Jay M. Potter, Schumacher, Francis & Nelson, Charleston, WV, for defendants.

**MEMORANDUM OPINION**

FACCIOLA, United States Magistrate Judge.

Plaintiff's attorney's motion to quash has been referred to me by Judge Roberts.

## BACKGROUND

In September 1999, plaintiff Carey S. Sadowski ("Sadowski") filed a copyright application that eventually matured in June 2000. Meanwhile, plaintiff filed an action on October 1, 1999, in the Southern District of West Virginia against defendants alleging, *inter alia,* unfair competition and copyright infringement. Maurice U. Cahn ("Cahn") has represented Sadowski since October 1, 1999. In the course of his representation, Cahn participated in a conference call on June 5, 2000 with Sadowski and Mr. Rosen ("Rosen"), the copyright officer. Although details of their discussion are not included in the motion briefs, it appears that plaintiff's application was discussed and that Rosen may have recommended certain changes to the application.

On May 25, 2001, defendants served a subpoena *as testificandum* and *duces tecum* upon Cahn, setting a June 1, 2001, deposition date and requesting documents relating to the June 5, 2000 conference call involving Cahn, Sadowski and Rosen. Cahn filed the instant motion to quash on June 4, 2001.

## DISCUSSION

■ Cahn relies primarily upon the *Shelton* test in arguing that his deposition is unwarranted. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1328 (8th Cir.1986), after noting the general disfavor of seeking discovery from a party's lawyer, sets forth three requirements for the deposition of an opposing party's trial counsel:

> ... Circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.

Cahn argues that defendants have failed to meet any of these requirements, let alone all three. Defendants, citing *Amicus Communications, L.P. v. Hewlett–Packard Company, Inc.,* 1999 WL 33117227 (D.D.C.1999),

respond that the *Shelton* test does not preclude the deposition of an attorney with factual, pre-litigation knowledge relevant to the pending action.

*Shelton* notwithstanding, several cases have recognized a party's right to depose an opposing party's trial counsel who has also participated in the events that underlie the action. In *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578,* 130 F.R.D. 348 (D.N.J.1990), the court wrote:

> The deposition of the attorney may be 'both necessary and appropriate' where the attorney may be a fact witness, such as an 'actor or viewer,' rather than one who 'was not a party to any of the underlying transactions giving rise to the action,' or whose role in a transaction was speculative and not central to the dispute.

*Id.* at 352 (internal citations omitted).

In a trademark dispute case, another court stated:

> When a party employs a counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested.

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.,* 164 F.R.D. 245, 249 (D.Kan.1995).

There is a slight twist to this case that arguably distinguishes it from *Amicus* and *United Phosphorus.* Here, it appears that Cahn did not represent plaintiff prior to the beginning of the West Virginia lawsuit. Thus, Cahn's knowledge of the copyright registration is not "pre-litigation" knowledge. Moreover, as Cahn points out, the June 5, 2000 telephone conference took place well after the commencement of the present litigation in October 1999.

■ Despite this distinction, I nevertheless conclude that defendants may depose Cahn for the limited purpose of obtaining factual information related to the June 5, 2000 telephone conference and plaintiff's copyright application. That plaintiff filed his lawsuit before receiving the copyright does not render all facts relating to the copyright application off-limits from discovery. Cahn

is pettifogging in arguing that the June 5, 2000 telephone discussion with Mr. Rosen was in preparation for trial simply because plaintiff was required to obtain a copyright registration in order to advance his lawsuit. Where an attorney for a party has information concerning the underlying events supporting the suit, the attorney cannot shield relevant facts merely because he was an attorney for that party.

It is in this sense that Cahn's reliance on the work-product privilege is misplaced. As I have pointed out in another opinion, the work-product privilege, codified in Fed. R.Civ.P. 26(b)(3), applies only to documents and tangible things. *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 200, 209 (D.D.C.1998). While the courts have extended it to "intangible work product," the information to be protected must be of the same nature as the "documents and tangible things" that are protected. When an attorney interviews a potential witness, what he learns is as protected by the work-product privilege as the memorandum to the file he creates when he returns to his office. But no one is claiming here that Cahn spoke to Mr. Rosen to interview him because Mr. Rosen was a potential witness. Instead, there was a substantive discussion as to the resolution of plaintiff's copyright application. That one of the participants in that discussion was an attorney for the other does not in itself render the entire conversation the lawyer's work product. Indeed, Cahn would concede that Sadowksi has testified about that conversation and that Rosen certainly could. He therefore has to argue that he cannot testify solely because of the three participants, he was the only one who was a lawyer for the other. If the law says that, "the law is a ass." Charles Dickens, *Oliver Twist* 520 (Dodd, Mead & Co.1941)(1838). The work-product privilege exists not as a badge of membership in the bar, but to advance the societal interest in an adversarial system of justice. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Cahn cannot possibly explain how drawing a distinction as silly as this one advances that interest.

Defendants have amply demonstrated that plaintiff himself is incapable of providing the factual information relevant to the copyright application, pointing to many gaps in his deposition testimony. *Defendant's Response to Motion to Quash the Subpoena to Maurice U. Cahn* at 2–3. Cahn has unique or superior knowledge of key facts, including the substance of the June 5, 2000 telephone discussion and the existence and nature of any prior (to June 5, 2000) discussions between Cahn and the Copyright Office. Defendants may therefore depose Cahn and obtain documents relating to these and any other factual subjects regarding plaintiff's copyright application.

An Order accompanies this Memorandum Opinion.