The Grant defendants having failed to acknowledge service of process within 20 days after mailing, the plaintiff thereby becomes obligated to effectuate service of process pursuant to Rule 4(d)(1) or (3) which detail the manner of personal, domiciliary and agency service of process. *Delta Steamships, Inc. v. Albano, Id.; Stranahan Gear Company, Inc. v. NL Indus-*

## In re ALEXANDER GRANT & CO. LITIGATION

This document relates to 85–0763 (AMERICAN SAVINGS), 85–6219 (RECEIVER ACTION), 85–6224 (PUBLIC BODY ACTIONS).

No. ESM I.

United States District Court, S.D. Florida, N.D.

June 17, 1986.

---

1. As mail service is not sufficient, the court need not address the defendants' contention that mail service is unavailable for out-of-state defendants.

Linda A. Conahan, English, McCaughan & O'Bryan, Ft. Lauderdale, Fla., for City of Pompano Beach and Liaison Counsel for Public Bodies.

Richard E. Brodsky, Paul Landy Beiley & Harper, Miami, Fla., Alvin Stein, Parker, Chapin & Flattau, New York City, for Grant.

Allen Mayefsky, Rosenberg & Tulis, New York City, for Resource Management and Liaison Counsel for Other Actions.

Mark Raymond, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey,

Miami, Fla., for Thomas Tew and Liaison Counsel for the Trustee.

Barry Katz, Shereff, Friedman, Hoffman & Goodman, New York City, for Fidata, etc.

George E. Bunnell, Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, Fla., for G. Haddad and HJ & J.

Rex Conrad, Conrad, Scherer & James, Ft. Lauderdale, Fla., for Arky, Freed and Eugene Stearns.

Richard Smith, Steel Hector & Davis, Miami, Fla., for American Sav. & Loan Ass'n.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motions to Compel and Motions for Sanctions filed by the plaintiffs, American Savings and Loan Association ("ASLA"), the public body plaintiffs and the receiver.

The plaintiffs seek to compel discovery and to set guidelines for deposition discovery. The court, however, will not review and rule upon the numerous certified questions on an individual basis. The court believes that by establishing guidelines for future depositions the parties will be in a position to resolve these disputes without further court intervention.

The court will address the specific areas of dispute which have been delineated by the plaintiffs.

## 1. INSTRUCTIONS NOT TO ANSWER QUESTIONS

■ The Federal Rules of Civil Procedure counsel against instructing deposition witnesses to not answer questions. Rule 30(c), Fed.R.Civ.P., provides specifically that

[a]ll objections made at the time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceedings, shall be noted by the officer upon

the deposition. Evidence objected to *shall be taken* subject to the objections. (Emphasis added). Accordingly, absent the availability of a properly asserted privilege, no deposition witness will be instructed not to answer questions. If in good faith counsel believes that certain testimony must not be elicited, then counsel shall seek appropriate relief through this court.

## 2. RELEVANCY CUT–DATE OF MARCH 4, 1985

Counsel for the defendants concedes that certain facts and information that arose after March 4, 1985, is discoverable. Accordingly, absent the availability of a properly asserted privilege, plaintiffs may inquire into facts arising and documents prepared after March 4, 1985.

## 3. ATTORNEY–CLIENT PRIVILEGE

The plaintiffs have presented this court with numerous instances of Grant's counsel invoking the attorney-client privilege. The primary "bone of contention" concerns the "deputization" of certain Grant personnel.

■ The parties recognize that certain communications are protected from disclosure by the attorney-client privilege and that this protection extends to disclosures made to individuals acting as agents for the attorney. Grant, however, must permit a proper foundation to be established before asserting this privilege. It must be established that a deputized Grant employee undertook certain discussions with another employee. To facilitate this determination, prior to deposition, Grant shall provide plaintiffs with a list of deputized employees. Then it must be determined that the witness made statements to a deputized employee at the behest of Grant and that the witness was aware that the communicated information was needed to obtain legal advice from counsel. Additionally, such communications must have been related solely to the witness' obligations and duties to Grant. *Upjohn Co. v. United States*, 449 U.S. 383, 394, 101 S.Ct. 677, 685, 66 L.Ed.2d 584 (1981). Once this foun-

dation has been laid, absent a waiver of this protection, Grant may properly invoke the attorney-client privilege.

■ The court reminds the parties that the attorney-client privilege does not protect disclosure of underlying facts; it merely protects the substance of the specific communication. *Id.*

### 4. WORK PRODUCT PRIVILEGE

■ The plaintiffs dispute Grant's assertion of the work product privilege. In *In re International Systems and Controls Corporation Securities Litigation*, 91 F.R.D. 552, 556 (S.D.Tex.1981), rev'd. on other grounds, 693 F.2d 1235 (5th Cir. 1982), the court, relying upon *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and Rule 26(b)(3) of the Federal Rules of Civil Procedure, recognized that the work product privilege applied to

> documents and tangible things prepared in anticipation of litigation by or for another party, or by or for that other party's lawyer or other representative, as well as to an attorney's mental impressions, conclusions, opinions or legal theories.

The privilege does not apply to underlying facts which can be explored during deposition.

Thus, upon a proper showing that the tangible things were prepared by the parties or counsel in anticipation of litigation or questions intrude into counsel's mental impressions, conclusions or opinions, the defendant may invoke the work product privilege. As with the attorney-client privilege, the plaintiffs will be afforded an opportunity to establish a waiver of this privilege.

■ The parties also are reminded that the work product privilege is not absolute and may be overcome by appropriate circumstances.

### 5. EVALUATION OF GRANT PERSONNEL

During the early stages of this litigation, the plaintiffs sought copies of Grant personnel evaluations. In denying these requests, the court relied, in part, upon Grant's representations that the underlying information could be obtained through depositions. During the deposition process, however, Grant has objected to inquiries into this area.

■ The court will not compel Grant to produce individual personnel evaluations. However, Grant may not prevent witnesses who have information regarding the performance of relevant personnel from responding the questions posed at depositions. This avenue of inquiry is not only proper, but relevant.

### 6. UNDERSTANDING OF GAAS AND GAAP

■ The plaintiffs complain that Grant's refusal to permit witnesses, certified public accountants, to give their present opinion belief and understanding of the requirements of Generally Accepted Accounting Standards ("GAAS") and Generally Accepted Accounting Procedures ("GAAP") is unwarranted.

This court agrees.

Inquiry into the present opinion, belief and understanding of whether the ESM audits met the requirements of GAAS and GAAP is highly relevant and clearly discoverable. The information cannot be protected from disclosure by asserting that it calls for a legal conclusion. The inquiry seeks merely to obtain the opinion, belief and understanding for these accounting principals from certified public accountants acting in their professional capacity.

### CONCLUSION

As stated previously, this court has not engaged in a question by question analysis of Grant's objections. The court is assured that with the above guidelines, further depositions will proceed without the necessity of court intervention. Should future disputes arise which would require resolution of numerous individual deposition questions or other discovery issues, those mat-

ters will be referred to either the United States Magistrate or to a special master.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motions to Compel filed by the plaintiffs, American Savings and Loan Association, the public body plaintiffs and the receiver be and the same are GRANTED within the above guidelines.

It is further ORDERED AND ADJUDGED that the Motions for Sanctions filed by American Savings and Loan Association, the public body plaintiffs and the receiver be and the same are here by DENIED.