**WEST PENINSULAR TITLE COMPANY, et al., Plaintiffs,**

v.

**PALM BEACH COUNTY, et al., Defendants.**

**No. 88–8111–CIV.**

United States District Court, S.D. Florida.

Sept. 25, 1990.

Jeffrey A. Aman, Smith & Williams, P.A., Tampa, Fla., for plaintiffs.

William J. Capito, Asst. County Atty., West Palm Beach, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the defendants' motion for a protective order. Fed.R.Civ.P. 26(c). The defendants also move for costs. The cause for this motion is the plaintiffs' deposition subpoena of the defendants' attorneys, William J. Capito and Richard Graddock.

### FACTS

An issue in this case is the nature of the plaintiff's interest in certain parcels of land located in Palm Beach County. The parcel in question, "Palm Beach Farm Plat No. 3", was the subject of two letters written by Messrs. Capito and Graddock to the plaintiff. The letters were written while the attorneys were serving in their capacity of County Attorneys. To date, Mr. Capito still serves in that capacity.

In Mr. Graddock's letter, he informs the plaintiff that a meeting will be held in order to ascertain who holds the fee in certain parcels of land. In Mr. Capito's letter, he informs the plaintiff that Palm Beach County "is not and will not assert any fee interest based upon the platted rights-of-way in Palm Beach Plat No. 3." Mr. Capito informed the plaintiff that the County will maintain an easement over the parcel.

### DISCUSSION

■ Protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances. *Salter v. Upjohn Co.*, 593 F.2d 649, 653 (5th Cir.1979);[1] *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83 (M.D.N.C.1987). The deposition of a party's attorney, however, calls for a special scrutiny of this general rule.

■ The Federal Rules of Civil Procedure do not explicitly prohibit the deposition of a party's attorney. Fed.R.Civ.P. 26–32. *N.F.A. Corp.*, 117 F.R.D. at 84; *Dowd v. Calabrese*, 101 F.R.D. 427, 439 (D.C.D.C.1984); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437 (E.D.Pa.1981). Federal courts, however, have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. *N.F.A. Corp.*, 117 F.R.D. at 85; *In re Arthur Treacher's*, 92 F.R.D. at 437–439.

Moreover, costs are added to litigation, burdens are placed upon attorneys, and the attorney client relationship is threatened. *N.F.A. Corp.*, 117 F.R.D. at 85; *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). These presumptions may constitute good cause for obtaining a protective order under Rule 26(a).

The party seeking the deposition, therefore, has the burden of overcoming these presumptions. The party seeking the deposition must show the propriety and need for the deposition. *N.F.A. Corp.*, 117 F.R.D. at 85. "Courts should exercise great care before permitting the deposition of an attorney." *Id.*

The party seeking a deposition must demonstrate that the deposition is the only practical means available of obtaining the information. *Id.* Other methods, such as written interrogatories, should be employed. *Id.; In re Arthur Treacher's*, 92 F.R.D. at 439.

The party seeking an attorney's deposition should show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege. *N.F.A. Corp.*, 117 F.R.D. at 85.[2] This information must be relevant

---

1. The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

2. In *N.F.A. Corp.*, plaintiff instituted a patent infringement case. The plaintiff had originally applied for a patent on the disputed item and was rejected by the patent examiner. The plaintiff then amended the patent, which was accepted.

The plaintiff had received advise from his attorney that the original product was patentable. The defendant sought to depose the plaintiff's attorney. The defendant wanted the deposition to ascertain why the plaintiff and their attorney had changed their position when they first claimed the original product was patentable, but later submitted an amended product.

and its need must outweigh the dangers of deposing a party's attorney. *Shelton v. American Motors Corp.*, 805 F.2d at 1327.

As this Court is well aware, innocent inquiries at deposition often implicate work product or attorney-client privileges.

 Rule 26(b)(3) protects an attorney's work product. *N.F.A. Corp.*, 117 F.R.D. at 85; *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 545, 548 (S.D. Fla.1986) (Gonzalez, J.). The work product rule applies to items prepared in anticipation of litigation by a party's attorney. *In re Alexander Grant*, 110 F.R.D. at 548. "[U]pon a proper showing that (items) were prepared ... in anticipation of litigation ... (a party) may invoke the work product privilege." *Id.*[3]

It is obvious to this Court that the correspondence from the defendants' attorneys in the plaintiffs' possession was not prepared in anticipation of litigation. It is equally as obvious, however, that a deposition question may cause the defendants' attorney to discuss an area of his involvement in preparing for this case. The deposition plaintiffs seek to compel, therefore, may impinge upon the defendant' attorneys' work product.

The party seeking an attorney's deposition must also show that the information sought will not pursue any attorney-client privilege. *N.F.A. Corp.*, 117 F.R.D. at 85. The minimum standards afforded in this judicial circuit generally hold that a claim of attorney-client privilege requires proof that: (1) the client is the holder; (2) a communication was made to an attorney; (3) the communication was made for the purposes of securing legal services; (4) the communication was not made for the pur-

pose of committing a crime; and (5) the privilege has not been waived. *In re Grand Jury Proceedings 88–9*, 899 F.2d 1039, 1042 (11th Cir.1990), *citing, U.S. v. Jones*, 517 F.2d 666 (5th Cir.1975). As stated, it is easy to foresee that the questioning of defendants' attorneys might reveal information from confidential communications between the defendants and their attorneys.

In the instant action, the plaintiffs have written correspondence from the defendants' attorneys concerning the evidence they seek to obtain. The Court is also of the opinion that other forms of discovery are available to the plaintiffs to seek any additional information.

In light of the above, defendants' motion for a protective order must be granted.

Having reviewed the motion, and being otherwise fully advised, it is hereby:

ORDERED AND ADJUDGED that the defendants' motion to compel be GRANTED. The defendants' motion for costs shall also be GRANTED. In addition, the defendants are ORDERED to submit to this Court within ten (10) calendar days from the filing of this Order, a motion for costs with the appropriate affidavits so the Court may grant the appropriate award.

DONE AND ORDERED.

---

The plaintiff moved for a protective order. *N.F.A. Corp.*, 117 F.R.D. at 84.

The court granted the protective order, reasoning that the party seeking the deposition of the plaintiffs' attorney failed to show that the inquiries would not invade either work-product or attorney-client privileges. The court also stated that other discovery forms were available. *Id.* at 86.

**3.** There are several exceptions to this rule, including: (1) when a party affirmatively raises an issue which involves reliance upon the attorney's advice, *N.F.A. Corp.*, 117 F.R.D. at 85; (2) when an attorney is a witness, *Id.* at 85, fn. 2; (3) when the attorney is the person with the best information concerning non-privileged matters relevant to the lawsuit, ie. fees, *Id.;* (4) when the defendant uses the attorney's advise as a defense, *Id.;* (5) and the crime/fraud exception to the attorney work product or attorney-client privilege rule, *Id.* at 85, fn. 3. Again, courts must take care or else grave consequences to an attorney's work-product will ensue.