Brenda DUNFORD, and all others similarly situated, Plaintiff,

v.

ROLLY MARINE SERVICE CO., a Florida corporation, and Greg Poulos, Defendants.

No. 05–60166–CIV.

United States District Court, S.D. Florida.

Dec. 1, 2005.

Harry O. Boreth, Chris Kleppin, Glasser, Boreth, Ceasar & Kleppin, Plantation, FL, for plaintiff.

Sherryll Martens Dunaj, Joseph H. Lowe, Stephens, Lynn, Klein & McNicholas, Miami, FL, Neil Flaxman, Neil Flaxman, P.A., Coral Gables, FL, for defendants.

## OMNIBUS ORDER

TORRES, United States Magistrate Judge.

This matter comes before the Court upon Defendant's Motion for Protective Order Regarding Deposition of Joanne Rocks [D.E.

97], Plaintiff's Motion to Compel an Independent Medical Examination of Joanne Rocks To Determine her Competency for Deposition and Motion to Appoint a Special Master for her Deposition [D.E. 98–1,2], Plaintiff's Motion for Default Judgment Against Rolly Marine Service and Motion For Sanctions as to the Corporate Defendant for the Corporate Defendant's Alter Ego's Failure to Appear for Deposition [D.E. 108–1,2], and Plaintiff's Motion to Hold Joanne Rocks in Contempt of Court for Failure to Obey Subpoena [D.E. 107]. The Court has reviewed the pending motions, respective responses and replies, and the record in this case.

1. Defendant Rolly Marine Service Co. timely moved for a protective order in this case seeking to prevent Plaintiff from deposing the sole shareholder/officer of Rolly Marine, Joanne Rocks, based upon a medical condition that Ms. Rocks is alleged to have that makes it impossible for her to be deposed in this case. Plaintiff objected to such motion on the grounds that the medical condition at issue may not be as serious as Defendant made it out to be and may have been a tactical effort to prevent Plaintiff from obtaining relevant or impeachment evidence in this case. Plaintiff responded with a slew of counter-motions with respect to Ms. Rocks's deposition, seeking to hold her in contempt of court or other sanction for her failure to appear at her noticed deposition, seeking an independent medical examination to evaluate her condition, and requesting a special master to referee the deposition.

2. On November 14, 2005, the Court entered an Order deferring a ruling on the motion for protective order to allow Defendants to supplement the record with sworn testimony from Ms. Rocks's physician to provide evidentiary support for her position on the motion for protective order. A "doctor's note" was clearly not sufficient to support the very heavy burden on Ms. Rocks and Defendant to prevent a deposition from taking place altogether. *See, e.g., Simmons Foods, Inc. v. Willis,* 191 F.R.D. 625, 630 (D.Kan.2000).

3. Defendant responded with an affidavit of Dr. Robert T. Shebert, a neurologist from the Jackson Memorial Hospital and the University of Miami, who attested under oath that Ms. Rocks "suffers from a potentially life-threatening and severely disabling brain disorder, as evidenced by her abnormal examination and grossly abnormal MRI scans of the brain." [D.E. 112 at 7]. Defendant also filed several affidavits from Ms. Rocks's daughter attesting to her extended hospitalization at Jackson Memorial for a blood clot in the brain. [D.E. 104, 110, 120].

3. Plaintiff still insists in proceeding with the deposition of Ms. Rocks on the last date of the discovery period, December 2, 2005, based upon the general nature of the doctor's affidavit that did not fully correspond with the Court's Order of November 14, 2005, as well as the continued belief that Ms. Rocks was simply trying to avoid providing the type of impeachment evidence related to Defendant Greg Poulos's tax history that Plaintiff contends is necessary for her case.

4. Although it is true that Dr. Shebert's affidavit was not as detailed as the Court's Order required, it does satisfy the most important requirement of the Court's Order—it provides sworn medical evidence that Ms. Rocks is undergoing continued intensive care for a medical condition that does not allow her to be deposed. Furthermore, that affidavit is also supported by multiple affidavits from Ms. Rocks's daughter that verify under oath that Ms. Rocks has remained in intensive care at the hospital for some time. Plaintiff has not shown why the Court should simply disregard this sworn testimony and Order Ms. Rocks to appear for her deposition.

5. Clearly, Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause shown." The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *E.g., In re PE Corp. Sec. Litig.,* 221 F.R.D. 20, 26 (D.Conn.2003); *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C.1991); *see also Gulf Oil v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). A court must balance the competing factors involved in

determining whether good cause has been shown. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985); *Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1277–78 (7th Cir.1982).

▪ 6. The burden of showing good cause to preclude a deposition altogether is a heavy one. *See West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 302 (S.D.Fla.1990) (protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances). That is why protective orders prohibiting depositions are rarely granted. *See Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C.1987); *Motsinger v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C.1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."); *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *In re McCorhill Publishing, Inc.,* 91 B.R. 223, 225 (Bankr. S.D.N.Y.1988) ("A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order.").

▪ 7. One of those rare circumstances that may preclude the taking of a deposition altogether is the medical incapacity of a witness to attend and sit through a deposition. *See, e.g., Frideres v. Schiltz,* 150 F.R.D. 153, 156 (S.D.Iowa 1993); *McCorhill,* 91 B.R. at 225 (granting protective order because "[i]n the event that Mr. Kraus suffers a heart attack or other life-threatening seizure as a result of an oral deposition, no amount of subsequent apologies or statements of sorrow will compensate for the known risk, especially since the only medical testimony in this case reflects the fact that Mr. Kraus' life will be placed in jeopardy by exposing this infirm and senile 80 year old man to a pretrial deposition.").

▪ 8. Here, the medical testimony is sufficient to convince the Court that Ms. Rocks is in no condition to undergo a deposition in this case. Perhaps if the issue in the case revolved around Ms. Rocks's medical condition, where one could say that the witness put the condition in issue, then the medical evidence in this record may not be enough and an evidentiary hearing would have to be required. Or, if the medical condition in question was only general and non-acute, then the heavy good cause requirement may not have been established. This affidavit attests to a serious acute brain condition that is life threatening. This is the bottom-line opinion of a treating neurologist at a reputable institution. That is enough for the Court.

9. Accordingly, Ms. Rocks will not be required to undergo a deposition in this case based upon the good cause that has been shown on this record. Any prejudice to Plaintiff is ameliorated by the slew of discovery Plaintiff has already obtained in this case, including through Orders that this Court has entered at Plaintiff's request—based upon similar sworn testimony from Plaintiff. In light of Defendant's sworn testimony, Plaintiff will not be allowed to compel Ms. Rocks to attend a deposition. That, of course, also requires that the Court preclude Ms. Rocks from testifying at all in the trial of this case, as Defendants have already stipulated.

▪ 10. Plaintiff's demand for a Rule 35 medical examination of Ms. Rocks is meritless. No authority has been provided for the proposition that a Rule 35 examination can ever be applied to a non-party witness, even if that witness is an officer of a party. Rule 35 only applies to a party and when that party's "mental or physical condition ... is in controversy." Fed.R.Civ.P. 35(a). Only under those circumstances may an adverse party seek to conduct an independent medical examination upon a showing of good cause. Here, Ms. Rocks's medical condition is not "in controversy" in the case. Moreover, Plaintiff has not even begun to show good cause to conduct her own examination of Ms. Rocks. Plaintiff's only support for her request are conclusory and unsupported allegations that Defendants and Ms. Rocks are faking her condition. That is woefully insuf-

ficient under Rule 35, even if that Rule could apply in this context at all.

11. Finally, because Ms. Rocks's motion for protective order is being granted, Plaintiff's counter-motion to hold her in contempt or to sanction her for not appearing will be summarily denied. Even if the motion for protective order had been denied, however, Plaintiff's over-the-top requests for sanctions appear to be wholly unnecessary in light of the circumstances. Plaintiff appears to forget that as "officers of the court, attorneys must implement their zealous advocacy using a perspective that looks beyond the next motion." *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 143 F.R.D. 277, 281 (M.D.Fla.1992).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

A. Defendant's Motion for Protective Order Regarding Deposition of Joanne Rocks [D.E. 97] is **GRANTED.** No deposition of Ms. Rocks will be taken in this case. Ms. Rocks may not be presented as a witness on behalf of Defendants in this case, even as a rebuttal witness.

B. Defendant's Motion to Compel an Independent Medical Examination of Joanne Rocks To Determine her Competency for Deposition and Motion to Appoint a Special Master for her Deposition [D.E. 98–1,2] are **DENIED.**

C. Plaintiff's Motion for Default Judgment Against Rolly Marine Service and Motion For Sanctions as to the Corporate Defendant for the Corporate Defendant's Alter Ego's Failure to Appear for Deposition [D.E. 108–1,2] are **DENIED:**

D. Plaintiff's Motion to Hold Joanne Rocks in Contempt of Court for Failure to Obey Subpoena [D.E. 107] is **DENIED.**