**Joseph BARATTA, Plaintiff,**

v.

**HOMELAND HOUSEWARES, LLC. Defendant.**

**No. 05–60187–CIV.**

United States District Court, S.D. Florida.

April 17, 2007.

---

Daniel M. Cislo, Esq., David B. Sande-lands, Esq. of Cislo & Thomas, LLP, and Stephen M. Gaffigan, Esq. of Law Offices of Stephen M. Gaffigan, PA, Santa Monica, CA, on behalf of Defendant Homeland House-wares, LLC.

David Gast, Esq. of Malloy & Malloy, Miami, FL, on behalf of Plaintiff Joseph Baratta.

### ORDER DENYING PLAINTIFF'S COMBINED MOTION FOR PROTECTIVE ORDER/MOTION TO QUASH DEFENDANT'S NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM OF LAURENCE A. GREENBERG, ESQ.

JOHNSON, United States Magistrate Judge.

**THIS CAUSE** is before the Court on Plaintiff's Motion for Protective Order/Motion to Quash Defendant's Notice of Deposition and Subpoena Duces Tecum of Laurence A. Greenberg, Esq. (D.E.# 76). For the following reasons said Motion is denied.

For "good cause" shown the Court may issue a protective order preventing a deposition. Fed.R.Civ.P. 26(c); *see McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir.1989). When evaluating whether a movant has satisfied his burden of establishing "good cause" for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985). Protective orders prohibiting depositions, however, are rarely granted. *See, e.g., Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979)("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Frideres v. Schlitz,* 150 F.R.D. 153, 156 (S.D.Iowa 1993). The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will result without one. *Dunford v. Rolly Marine Service, Co.,* 233 F.R.D. 635, 636 (S.D.Fla.2005).

Plaintiff, Baratta, as the moving party, bears the burden of establishing good cause for the protective order it seeks with regard to the deposition of attorney Greenberg. *Dunford,* 233 F.R.D. at 637; *West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 302 (S.D.Fla.1990). Baratta has fallen short of demonstrating "good cause."

At issue at this point in the litigation is whether Baratta's attorney, Mr. Martin, had settlement authority in this case when he reached a settlement with Defendant's counsel. On January 22, 2007, Barrata filed a

declaration with the Court wherein he expressly denied that he had assented to the settlement negotiated by attorney Martin. Upon filing the declaration, Baratta waived the attorney-client privilege with regard to his communications with his attorneys regarding settlement. This waiver was reaffirmed when, on February 13, 2007, and again on March 22, 2007, Baratta appeared for deposition and testified regarding what he alleges were his communications to his litigation counsel, Martin. Then in the deposition testimony of both attorney Martin and Baratta himself, there were allegations made that Baratta's patent attorney, Mr. Laurence Greenberg, was fully advised of the progress of the settlement discussions by both Martin and Baratta. Clearly then Mr. Greenberg is likely to possess relevant information regarding whether Baratta assented to the parties' settlement and/or whether attorney Martin was granted "clear and unequivocal" settlement authority by Baratta.

██ In this case the attorney-client privilege has been waived by the actions of Mr. Baratta through issue injection. Florida Courts have long observed the doctrine of waiver by implication which reflects the position that the attorney-client privilege " 'was intended as a shield, not a sword.' " *GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir.1987)(applying Florida law) (*quoting Pitney–Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 446 (S.D.Fla.1980)). In other words, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied*, 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991).

In *Pitney–Bowes* the Court, recognizing that the attorney-client privilege was intended as a shield and not a sword, held that the attorney-client privilege is waived where the asserting party injects the very issue which requires testimony from his attorney. In so ruling the Court cited *Laughner v. U.S.*, 373 F.2d 326, 327 (5th Cir.1967), in which the Court opined that the "privilege is not an inviolable seal upon the attorney's lips" and, in fact, must be overridden if the application

of the privilege would serve to eliminate the one source of evidence likely to contradict the client's allegations. *Id.; accord Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1419–1420 (11th Cir.1994)("Selective disclosure for tactical purposes waives the privilege.")(quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982)).

In this case, to allow Mr. Baratta to testify that he never gave Mr. Martin settlement authority, while at the same time disallowing Defendant to inquire into the subject matter of his and his litigation attorney's exchanges regarding settlement, would result in a sword/shield situation whereby Mr. Baratta would be permitted to give his one-sided version of the story, while shielding himself from potentially harmful testimony of another. The Court agrees with Defendant that the law does not permit Mr. Baratta to maintain such a convenient position, in frustration of Defendant's right to discovery of critical facts and information that cannot be obtained from any source other than Mr. Greenberg, *GAB Business Services, Inc.*, 809 F.2d at 762.

In summary, Baratta's attempt to selectively assert the attorney-client privilege with respect to his settlement communications with his patent attorney Greenberg, but not his litigation attorney, Martin, fails. As Defendant correctly observes, no Eleventh Circuit or Florida authority supports Baratta's selective waiver theory, and in fact the case law on the subject is to the contrary. The deposition notice makes clear that the deposition is to take place for the limited purpose of establishing Mr. Greenberg's knowledge of Baratta's settlement communications with Martin, and for no other purpose. Accordingly, Baratta's stated fear that Defendant's true goal of taking Mr. Greenberg's deposition is to seek confidential information regarding Baratta's litigation strategy is unsound. In accordance with the above and foregoing it is hereby.

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order/Motion to Quash Defendant's Notice of Deposition and Subpoena Duces Tecum of Laurence A. Greenberg, Esq. (D.E.# 76) is **DENIED.** The deposition of Mr. Greenberg is ordered

to take place within four (4) days from the date hereof at a mutually agreeable time and date. The documents Mr. Greenberg has been asked to provide shall be produced within three (3) days from the date hereof after giving Mr. Baratta time to redact portions of any documents which may contain information outside the scope of the subpoena.