**SUN CAPITAL PARTNERS, INC., Plaintiff,**

v.

**TWIN CITY FIRE INSURANCE COMPANY, Defendant.**

**Case No. 12–81397–CIV**

United States District Court, S.D. Florida.

Signed September 15, 2015

Heather Jo Gorin, Richard Hugh Lumpkin, Arya Attari, Christopher Thomas Kuleba, Janine Quinn Menendez–Aponte, Tiffany Compres, Ver Ploeg & Lumpkin, P.A., Miami, FL, for Plaintiff.

Catherine Salinas Acree, David M. Leonard, Carlton Fields, P.A., David John Forestner, Justan C. Bounds, Carlton Fields Jorden Burt, P.A., Atlanta, GA, Courtney E. Scott, Michael R. Delhagen, Tressler, LLP, New York, NY, Joseph Ianno, Jr., Carlton Fields PA, West Palm Beach, FL, for Defendant.

### ORDER GRANTING SUN'S MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING APEX DEPOSITIONS OF LEDER AND KROUSE, AND OF SUN'S GENERAL COUNSEL, COUCH [DE 197]

WILLIAM MATTHEWMAN, United States Magistrate Judge

**THIS CAUSE** is before the Court upon Plaintiff, Sun Capital Partners, Inc.'s ("Sun")

Motion to Quash and for Protective Order Regarding Apex Depositions of Leder and Krouse, and of Sun's General Counsel, Couch [DE 197]. Defendant, Twin City Fire Insurance Company ("Twin City"), filed Twin City's Response to Sun's Motion to Quash and for Protective Order Regarding "Apex" Depositions [DE 210], to which Sun replied [DE 224] and Twin City filed a surreply [DE 228]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 22. The matter is now ripe for review.

### I. Background

In the Motion, Sun seeks a protective order prohibiting Twin City from taking the depositions of Marc Leder and Rodger Krouse. Sun maintains that, under the apex doctrine, Leder and Krouse—who are both co-founders and co-chief executive officers of Sun—should not be deposed, as they do not have unique knowledge of the issues in this case that cannot be obtained through less intrusive means. [DE 197, pp. 1–2]. Leder and Krouse both submitted declarations stating their lack of any independent recollection of the details regarding the decisions made during the settlement of the underlying litigation. [DE 197–2].

Moreover, Sun also seeks a protective order prohibiting Twin City from taking the deposition of Deryl Couch. Sun again maintains that, under the apex doctrine, Couch—who is general counsel and a managing director of Sun—should not be deposed, as he does not have unique knowledge of the issues in this case and most questions asked of him would draw objections based on privileges and immunities. [DE 197, p. 2]. Sun contends that Couch "was one of many persons involved in the underlying litigation, and has no unique knowledge that Twin [City] cannot obtain from other sources." [DE 197, p. 5]. Furthermore, Sun notes that not one deposition has been conducted by Twin City to date, not even that of the 30(b)(6) witness offered by Sun, Thomas Clare, who was Sun's outside defense counsel in the underlying litigation. [DE 197, p. 8]. In light of this, Sun maintains that Twin City should be required to seek this information through less burdensome means. [DE 197, p. 5].

Last, Sun argues that this Court has adopted the *Shelton*[1] test to determine whether the deposition of a party's counsel should be permitted. [DE 197, p. 6]. This test, Sun alleges, requires the party seeking the deposition to show that 1) no other means exist to obtain the information, 2) the information sought is relevant and non-privileged, and 3) the information is crucial to the preparation of the case. [DE 197, p. 7]. Sun asserts that Twin City cannot meet this burden because Twin City cannot show that no other means exist to obtain the information sought from Couch, as Twin City has not attempted to collect this information from other sources. [DE 197, p. 8].

In its Response in opposition, Twin City explained that the basis for taking the depositions of Leder, Krouse, and Couch is their "unique knowledge of at-issue events," evidenced by "literally hundreds of communications" showing their direct roles in the settlement negotiations in the underlying litigation. [DE 210, p. 1]. Twin City alleges that, at a minimum, it is entitled to refresh the recollection of Leder and Krouse with documents that are already in the record because the apex doctrine is meant to protect executives with no firsthand knowledge of an issue, not employees that directly participated in negotiations that are at issue in the litigation. [DE 210, p. 2]. Twin City cites Leder and Krouses's supposed "lack of knowledge" as insufficient to support a motion to quash because Twin City should be entitled to test the claimed lack of knowledge by deposing the witnesses. [DE 210, p. 5].

Moreover, Twin City contends that "no other employees at Sun can testify about the direct involvement, including direct editing of the settlement terms, by these individuals." [DE 210, p. 6]. Twin City alleges that it attempted less intrusive means by sending Sun interrogatories and requests for production, and sending third-party subpoenas to Sun's co-defendants and insurers in the underlying litigation. *Id.* However, Twin City argues that Sun alleged that this written

---

**1.** *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986).

discovery was too onerous and could be obtained through less intrusive means. *Id.*

Last, Twin City asserts that Sun's proposal of alternate hearsay witnesses does not fall under the limited protection provided by *Shelton.* [DE 210, p. 7]. The *Shelton* test, Twin City argues, only seeks to protect true attorney-client privileges and avoid the "chilling effect" that the practice of deposing counsel will have on the truthful communications from the client to the attorney. *Id.* Twin City cites Federal Rule of Civil Procedure 30 in contending that taking the deposition of an opposing party's attorney is not prohibited. *Id.* Furthermore, Twin City alleges that the deposition topics, i.e. the defensibility, allocation, and settlement of the underlying claims, are neither attorney-client privileged nor work-product protected as this Court recognized in its Order [DE 147] dated April 22, 2015. [DE 210, p. 8]. Twin City also argues that to the extent privilege is an issue, Sun can make appropriate objections at the deposition. *Id.*

In its Reply, Sun asserts that, to date, Twin City's discovery has not sought any of the information now claimed to be important, including the defensibility, allocation, and settlement of the underlying claims. [DE 224, pp. 1, 4]. Moreover, Sun emphasizes that Twin City has yet to take a single deposition. *Id.* Sun argues that other individuals who can be deposed on these issues were listed in Sun's Rule 26(a) disclosures and answers to interrogatories, including Thomas Clare—Sun's outside counsel in the underlying litigation, who Sun is also offering as a corporate representative; Daniel Goodman—the lead negotiator in the transaction that Twin City is seeking information about; and Mark Neporent—Cerberus' assistant general counsel. [DE 224, p. 2]. Sun contends that Twin City must first depose at least a corporate representative, who Sun will educate so that he or she may testify about information known or reasonably available to Sun, to see if the apex depositions requested will be duplicative. [DE 224, p. 3]. Further, Sun claims that Twin City's exhibits demonstrate that most of the negotiation communications are embodied in emails that Twin City already possesses. *Id.*

In its Surreply, Twin City contends that Sun impermissibly seeks to immunize its executives from depositions that are permitted under the Federal Rules of Civil Procedure. [DE 228, p. 3]. Twin City states that the documents reflect the fact that Leder and Krouse—and no other Sun employee—personally negotiated Sun's 15.94% allocated rate in the settlement that is the basis for Sun's alleged damages amounting to over $29 million. [DE 228, p. 1]. Twin City also contends that Couch provided substantive edits to, and instructions regarding, the negotiations of the settlement and also negotiated task and cost-sharing with Sun's co-defendants in the underlying litigation. *Id.* Although Sun argues that Twin City must take other depositions before those of high-ranking officials, Twin City asserts that exhaustion is not the standard for deposing corporate officials with unique, first-hand knowledge. *Id.* Federal apex protection, Twin City alleges, "provides temporary protection to high-ranking officials that need protection from 'numerous, repetitive, harassing, and abusive depositions.'" [DE 228, p. 3]. However, that is not the case here, Twin City argues, because these executives had personal involvement in the transactions at issue. *Id.*

Also, Twin City claims that now that written discovery is nearly complete—at Sun's insistence—depositions are necessary, but Sun cites additional written discovery as a more appropriate avenue of discovery of these issues. [DE 228, p. 2]. Twin City alleges that Sun's counsel admitted at a recent hearing that until all documents are produced, it does not make sense to proceed with depositions. [DE 228, p. 4]. Thus, Twin City cites Sun's criticism of timing and failure to depose any other individuals as "unfounded and disingenuous" because "no additional depositions are needed here to determine what the documents show and Leder, Krouse and Couch admit: they have (or had) unique personal knowledge of events in dispute." *Id.* Moreover, during written discovery, Twin City asserts that Sun did not describe the participation of Leder or Krouse in any of the settlement negotiations. [DE 228, p. 5]. However, Leder and Krouse now

admit, Twin City alleges, that at one point they had unique knowledge of the settlement circumstances even though this was never described in response to Twin City's written discovery. *Id.*

Next, Twin City contends that it is highly unlikely that Sun entered into the current litigation without the authorization of its management team, thus the executives are not unwilling participants in this litigation. *Id.* Leder, Krouse, and Couch, Twin City argues, must have authorized the filing of this lawsuit, which is an action that would necessarily require the participation of Sun's key players with personal knowledge of the underlying litigation. *Id.*

Further, Twin City argues that Sun's assertion that other individuals should be prepared and deposed first is belied by the fact that Leder, Krouse, and Couch all claim to have forgotten any unique, first-hand knowledge of the underlying litigation. [DE 228, p. 1]. Therefore, Twin City claims that Sun would not have the ability to prepare a corporate representative for a deposition. *Id.* Twin City also claims that there is nothing in the law that requires Twin City to accept the claimed memory failure of Sun's executives. [DE 228, p. 6]. The only method to recover the potentially lost information of the executives' memories, Twin City asserts, is to permit Twin City to attempt to refresh the recollections of Leder, Krouse, and Couch. *Id.*

Last, Twin City alleges that Leder, Krouse, and Couch are not the executives for which apex protection was created. [DE 228, p. 2]. Sun, Twin City asserts, is not a large company such as Google or General Motors, two of the defendants cited by Sun that obtained apex protection. [DE 228, p. 7]. Twin City claims that Sun "was a small enough company, or the underlying case was large enough, for Sun's principals Leder, Krouse, and Couch to spearhead the settlement and allocation negotiations in the underlying litigation." *Id.*

## II. Discussion

In this case, Twin City seeks to depose Sun's co-founders and co-CEOs, as well as Sun's general counsel. These requests to depose high-ranking corporate officers are commonly referred to as apex depositions. *Chick–Fil–A, Inc. v. CFT Development, LLC,* No. 5:07–cv–501–Oc–10GRJ, 2009 WL 928226, at *1 (M.D.Fla. Apr. 3, 2009). "Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Brown v. Branch Banking and Trust Co.,* No. 13–81192–CIV, 2014 WL 235455, at *2 (S.D.Fla. Jan. 22, 2014) (citations omitted).

### A. Protective Order as to Leder and Krouse

██ "[A] party seeking to depose a high ranking corporate officer must first establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Hickey v. North Broward Hosp. Dist.,* No. 14–CV–60542, 2014 WL 7495780, at *2 (S.D.Fla. Dec. 17, 2014). The party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary. *Id.*

██ Here, although Twin City lists several reasons why it wishes to depose Leder and Krouse, and also explains the nature of the information it hopes to obtain, Twin City fails to adequately demonstrate that Leder or Krouse have any unique, non-repetitive firsthand knowledge about the matters at issue in this case. Sun has offered Thomas Clare, who was Sun's defense counsel in the underlying litigation, as a corporate representative to be deposed regarding the facts at issue. [DE 197, p. 8]. Twin City has not shown that Clare, or any other person, cannot adequately testify to the facts at issue. Twin City merely asserts that "Sun's proposed lower level depositions will reveal what Twin City already knows—Sun's executives played an integral and unique role in the settlement process, and their depositions cannot be avoided." [DE 210, p. 7].

Twin City also fails to carry its burden of showing that the information it seeks to ob-

tain through deposing Leder and Krouse cannot be obtained from any other source. In certain cases, even when a high-ranking official of a corporation does have direct knowledge of the facts, it is inappropriate to compel his or her deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue. *Stelor Productions, Inc. v. Google, Inc.,* No. 05–80387–CIV, 2008 WL 4218107, at *4 (S.D.Fla. Sept. 15, 2008) (holding that although plaintiff claimed that Google's two top executives did have direct, unique, and personal knowledge of the facts at issue, it made sense to require plaintiff to seek the information from other sources first). Twin City has not yet deposed any other lesser-ranking employees in an effort to conduct discovery of the facts at issue. Therefore, Twin City has not made a showing that the information it seeks cannot be obtained through less burdensome means. *See Buckler v. Israel,* No. 13–62074–CIV, 2014 WL 7777678, at *2 (S.D.Fla. Nov. 13, 2014).

### B. Protective Order as to Couch

■ "Federal courts ... have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 302 (S.D.Fla.1990). This is why a party seeking an attorney's deposition "must demonstrate that the deposition is the only practical means available of obtaining the information." *Id.* Moreover, the party seeking the deposition of an attorney has the burden to show "that the information sought 1) is relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege." *Klayman v. Freedom's Watch, Inc.,* No. 07–22433–CIV, 2007 WL 4414803, at *4 (S.D.Fla. Dec. 14, 2007) (citing *West Peninsular Title,* 132 F.R.D. at 302).

■ Twin City has failed to demonstrate that taking the deposition of Couch is the only practical means available of obtaining the information it seeks. Twin City claims that "no other employee at Sun can testify about the direct involvement, including direct editing of the settlement terms, by these individuals." [DE 210, p. 6]. However, Twin City has not deposed any other employee to ascertain whether this is true. Sun has offered multiple individuals for deposition, which Twin City has refused. [DE 224, p. 2]. Further, in most of the cases that Twin City cites for support, the requesting party first conducted depositions of other lower-level employees. *See Hickey,* 2014 WL 7495780 at *3; *Travelers Rental Co., Inc. v. Ford Motor Co.,* 116 F.R.D. 140, 145 (D.Mass.1987). Thus, the Court is of the opinion that other forms of discovery are available to Twin City at this time.

In addition, Twin City has not shown that the information sought will not invade the realm of Couch's work-product or attorney-client privilege. Twin City asserts that "[t]his Court's April 22, 2015 Order recognizes that the evaluation, defensibility, allocation, and settlement of the underlying claims are non-privileged topics that Twin City has full range to explore." [DE 210, p. 8]. Although this may be true, a deposition question may cause Couch to discuss an area of his involvement in preparing for this case or an area of confidential communications. *See West Peninsular Title,* 132 F.R.D. at 303.

### C. Conclusion

Twin City alleges that "Sun is not the type of large corporation that regularly receives 'apex' protection." [DE 228, p. 7]. However, as Twin City admits, "[t]here does not appear to be a threshold size for companies that may seek 'apex' protection for its senior management." *Id.* As described by Sun, Sun Capital "is a [private equity] firm that has invested in over 315 companies worldwide and that currently owns approximately 60 affiliated portfolio companies." [DE 197, p. 5]. Thus, it is not illogical that Leder, Krouse, and Couch, as top executives in the company, would not be involved in the day-to-day management of the firm.

Accordingly, Twin City has failed to establish that Leder, Krouse, or Couch's testimony is essential to this case or that the evidence sought is not available through less burdensome means. In fact, Twin City seeks to depose arguably the highest-ranking offi-

cials of Sun's corporation without first deposing any other person through less burdensome means. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Sun's Motion to Quash and for Protective Order Regarding Apex Depositions of Leder and Krouse, and of Sun's General Counsel, Couch [DE 197] is **GRANTED.** The Court is not persuaded that Leder, Krouse, or Couch's depositions are necessary at this time. The granting of this Motion is without prejudice to Twin City's ability to seek the depositions of Leder, Krouse, or Couch at a later date if appropriate. Should further discovery utilizing less intrusive or alternative means prove unsuccessful in obtaining the information Twin City seeks, and should Twin City be able to demonstrate that Leder, Krouse, or Couch possesses unique, personal knowledge about the facts of this case that cannot be obtained from less burdensome means—and that their testimony is essential to this case—Twin City may then file a renewed motion to depose Leder, Krouse, or Couch for consideration by the Court.

**DONE AND ORDERED** in Chambers this *15th* day of September, 2015, in West Palm Beach, Palm Beach County in the Southern District of Florida.